**S. R. HAZELRIGG, Appellant,**

v.

**AMERICAN FIDELITY & CASUALTY COMPANY, a corporation, Appellee.**

**No. 5484.**

United States Court of Appeals
Tenth Circuit.

Feb. 7, 1957.

872

Gus Rinehart, Oklahoma City, Okl. (Butler, Rinehart & Morrison, Oklahoma City, Okl., were with him on the brief), for appellant.

Welcome D. Pierson, Oklahoma City, Okl., for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

HUXMAN, Circuit Judge.

This is the second appearance of this case in our Court.[1] The facts out of which the case arose are these. The American Fidelity and Casualty Company issued an automobile liability policy of insurance to S. R. Hazelrigg, insuring him against liability because of the operation of the insured vehicle to the maximum amount of $50,000. One of Hazelrigg's insured trucks was involved in a collision in which the driver of the other vehicle was killed. A damage action was filed against Hazelrigg in the State Court in which a judgment was rendered against him in the sum of $79,375. The action was defended by the Insurance Company. On a motion for a new trial the trial court concluded that the judgment was excessive to the extent of $19,375 and required a remittitur of that amount as an alternative to granting a new trial. A remittitur was filed and judgment was entered for $60,000. Thereafter, the plaintiff judgment creditor offered to settle the judgment for $50,000. Hazelrigg demanded that the Insurance Company settle but it insisted on taking an appeal to the Supreme Court of Oklahoma. The appeal was unsuccessful and the judgment for $60,000 was affirmed.

Thereafter, Hazelrigg instituted this declaratory judgment action in the United States District Court for the Western District of Oklahoma for a declaratory judgment declaring that the Insurance Company was liable for the full judgment of $60,000, because it acted in bad faith in refusing to settle for $50,-000 and in insisting on taking an appeal to the Supreme Court. A motion for summary judgment by the insurance company was sustained and an appropriate judgment was entered. The trial court held as a matter of law that the complaint was insufficient to charge bad faith and entered summary judgment for the insurance company. On appeal we held that whether the insurance company was guilty of bad faith presented an issue of fact which could be determined only after a trial and that the trial court erred in holding as a matter of law there was no showing of bad faith. We accordingly reversed and remanded the case for trial.

On remand appellant's request for a jury trial was refused and the case was tried by the court. It made findings of fact finding that the insurance company had acted in good faith in appealing the case to the Oklahoma Supreme Court and concluded as a matter of law that it was not liable to Hazelrigg for the judgment in excess of the maximum coverage under the policy. An appropriate judgment was entered on these findings and conclusions and this appeal followed.

Two grounds are urged for reversal. They are (1) the court erred in denying appellant's request for a jury trial, and (2) the judgment of the court is unsupported by substantial evidence in the record. Appellant concedes that

1. Hazelrigg v. America Fidelity & Casualty Co., 228 F.2d 953.

he did not make a timely request for a jury trial as required by Rule 38 Fed. Rules Civ.Proc., 28 U.S.C.A. and that therefore he was not entitled to a jury as a matter of right. He contends, however, that the trial court abused its discretion in denying his belated request for such a trial. When the case was first called for trial both parties waived a jury and agreed to try the case to the court. When on appeal the court's first judgment was reversed, Hazelrigg for the first time requested a jury trial. We think a jury trial might well have been granted by the court. The question for determination is a fact question. There was nothing difficult about it which a jury could not determine. But that in itself is not sufficient to warrant a reversal by us because of the court's denial of the request for a jury trial. Under all the decisions where the right to demand a jury has been waived, the trial court is vested with a broad degree of discretion in determining whether a jury trial shall nonetheless be granted. We may reverse and order a jury trial only when we can fairly say from a consideration of all the facts and circumstances that the court abused its discretion. From an examination of the record we cannot say as a matter of law that the court abused its discretion in refusing appellant's request for a jury trial.

■ Appellant relies primarily for reversal on his contention that the judgment of the court finds no support in the evidence and that it is contrary to the evidence. As has been said so many times when that issue is presented, our review is limited to a determination whether there is substantial evidence to support the judgment. We may not reverse merely because as triers of the facts we might have reached a contrary conclusion.

In our former opinion we said that whether there was good faith was a factual issue which could be determined only after a full hearing where the contending parties had full opportunity to present all the evidence bearing on that question. We pointed out that when a settlement of an action, such as was involved in this case, was considered the insurance company stood in a dual relationship; that it stood in a fiduciary relationship, and while it was not required to disregard its own interest in the litigation, this trust relationship placed a heavy duty upon it with respect to the interest of its insured. While it was not required to sacrifice its own interest it must give at least equal, if not paramount, consideration to the interest of its insured.

■■ The case of National Mutual Casualty Co. v. Britt, Okl., 200 P.2d 407, makes it clear that a very great duty rests upon a company to determine whether litigation should be settled when it could be settled within the limits of the policy. That case involved an offered settlement before judgment. We think it clear that an even greater duty rests upon the company after a verdict in excess of the policy limitation has been returned and an offer of settlement within the policy is made. Under such circumstances an appeal, if successful, can be of benefit only to the insurance company. It alone can profit from a reversal. All Hazelrigg would get would be another law suit with a further possibility of an excess judgment against him. But because the company is not required to renounce completely its own interest in the litigation these facts in themselves are not sufficient to convict it of bad faith in taking an appeal. We believe that where the company is the only one that can profit from a successful appeal, which if successful would however subject its insured to the hazards of another trial, the facts for reversal must be very strong. Under such conditions the chances of success must be correspondingly greater than the chances of failure. Not only must the circumstances be such as to point strongly to a reversal but more important they must be such that there is a great possibility that upon a second trial in any event a judgment will not be returned in excess of the coverage of the policy.

We think there were extraordinary circumstances in this case. The remarks of plaintiff's counsel in his address to the jury were on the inflammatory side and might tend to appeal to the sympathy of the jury. In addition the amount of the verdict returned by the jury was grossly excessive as evidenced by the fact that the trial court required a remittitur of $19,375. The ultimate judgment of $60,000 was still a very large one, considering the earning capacity of the deceased. We think these as well as other circumstances are such that reasonable minds might well differ as to the results of an appeal and the result of a second trial if a reversal were secured. We cannot say that the findings and conclusions of the trial court are without support in the record.

Affirmed.