The GENERAL TIRE & RUBBER COMPANY, a body corporate, Petitioner,

v.

The Honorable R. Dorsey WATKINS, United States District Judge for the District of Maryland, Respondent (two cases).

Nos. 9226, 9358.

United States Court of Appeals
Fourth Circuit.

March 31, 1964.

Certiorari Denied June 1, 1964.
See 84 S.Ct. 1629.

Charles J. Merriam, Chicago, Ill., Norman P. Ramsey, Baltimore, Md., for petitioner.

Thomas J. Kenney, U. S. Atty., Benjamin C. Howard, Baltimore, Md., Edward S. Irons, Morton Hollander, Atty., Civ. Div., Dept. of Justice, Washington, D. C., for respondent.

Before BOREMAN, BRYAN and BELL, Circuit Judges.

BOREMAN, Circuit Judge.

Petitioner, The General Tire & Rubber Company (hereinafter General) seeks a Writ of Mandamus to compel The Honorable R. Dorsey Watkins, a judge of the United States District Court for the District of Maryland, to grant a demand and motion for a jury trial made by General in the case of Firestone Tire & Rubber Company, et al. v. The General Tire & Rubber Company, Civil Action No. 12,932, pending in said District Court. Respondent filed his answer to the petition and, pursuant to leave granted by this court, the plaintiffs in said civil action are appearing herein in opposition to the issuance of a writ of mandamus.

General has heretofore sought to obtain the aid of this court by way of mandamus to compel Judge Watkins to transfer said civil action to a Federal District Court in the State of Ohio. See General Tire & Rubber Company v. Watkins, 326 F.2d 926 (4 Cir., January 7, 1964), in which petition for mandamus was denied. General has recently filed a petition for certiorari seeking review of that decision. 84 S.Ct. 1166.

Civil Action No. 12,932 in the Maryland District Court is an action for a declaratory judgment brought against General by the Firestone Tire & Rubber Company and McCreary Tire & Rubber Company (the last two named hereinafter referred to as Firestone and McCreary, respectively) seeking a declaration of patent invalidity and noninfringement. The complaint was filed on March 30, 1961. Discovery procedures have been extensively pursued and the District Court has been required to conduct hearings and to consider and pass upon numerous motions which need not be detailed here.

On November 20, 1963, General filed an affidavit of prejudice with respect to Respondent, Judge Watkins, and on November 22, 1963, Judge Watkins refused to disqualify himself.

On January 13, 1964, Firestone and McCreary filed, in Civil Action No. 12,932, what purported to be a "Notice Pursuant to 35 U.S.C. 282," which sets forth various "references" and witnesses on which or whom they propose to rely in contesting the validity of General's U. S. Patent No. 2,964,083. On January 31, 1964, another such "Notice," pertaining to eighteen United States patents, three Canadian patents and other matters, was filed.

On January 15, 1964, General filed a demand for a jury trial "as of right" under Rule 38(b) of F.R.Civ.P. of all issues included within the January 13, 1964, notice, termed by General a "pleading," and filed also a Motion under Rule 39(b) F.R.Civ.P. for a jury trial of all issues with respect to the validity and infringement of the patent in suit except the issue of an alleged license in one or both plaintiffs. On January 16, 1964, Firestone and McCreary filed a Motion to Strike General's demand and opposed the

granting of the Rule 39(b) Motion. On January 24, 1964, Judge Watkins, in an oral opinion, denied the motion to strike and the demand and motion for a jury trial.

Two broad questions are posed here arising from the refusal of a trial by jury: (1) Was General entitled to a jury trial as of right; and (2) was the denial of the motion for a jury trial under Rule 39(b) an abuse of the District Court's discretion under the circumstances? Involved are certain statutes and rules of civil procedure which will be hereinafter noted either in the text or appropriate footnotes.

■ We are inclined to the view that General's petition for Writ of Mandamus is properly before us for consideration since the question presented pertains to a denial of the constitutional right to trial by jury. In Dairy Queen v. Wood, 369 U.S. 469, 472, 82 S.Ct. 894, 897, 8 L.Ed. 2d 44 (1962), the Court in referring to Beacon Theatres, Inc., v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), said:

"Our decision reversing that case * * * emphasizes the responsibility of the Federal Courts of Appeals to grant mandamus where necessary to protect the constitutional right to trial by jury * * *."

General bases its request for mandamus upon the following facts and contentions. Firestone and McCreary filed their original complaint on March 30, 1961. An amended complaint was filed on October 13, 1961, alleging, inter alia, (a) that the alleged invention had been patented or described in printed publications prior to the alleged invention thereof by applicants, or more than one year before application for the patent was filed in the Patent Office; and (b) that the alleged invention was in public use or on sale in this country prior to the invention thereof by the applicants, or more than one year prior to the date of the patent application.

To allegation (a) above was added the following: "Plaintiffs will give notice to defendant of such patents and printed publications in accordance with 35 U.S.C. Section 282." To allegation (b) above was added the following: "Plaintiffs will give notice to the defendant of the names and addresses of such prior users in accordance with 35 U.S.C. Section 282." The notice filed by Firestone and McCreary on January 13, 1964, hereinbefore mentioned, was given pursuant to the provisions of the amended complaint by which General was advised that such notice would be given.

General contends that the notice of January 13, 1964, is a "pleading" within the meaning of F.R.Civ.P. 38(b) which provides that demand for jury trial of any issue triable of right by a jury may be made not later than ten days after the service "of the last pleading directed to such issue" and thus General's demand for jury trial filed on January 15, 1964, was timely. In any event, contends General, the District Court abused its discretion in refusing to grant a jury trial under F.R.Civ.P. 39(b) which provides, in substance, that the court in its discretion upon motion may order a trial by a jury of any or all issues.

It is further argued that 35 U.S.C. § 282 [1] establishes special pleading rules

---

1. **"§ 282. Presumption of validity; defenses**

"A patent shall be presumed valid. The burden of establishing invalidity of a patent shall rest on a party asserting it.

"The following shall be defenses in any action involving the validity or infringement of a patent and shall be pleaded:

"(1) Noninfringement, absence of liability for infringement or unenforceability,

"(2) Invalidity of the patent or any claim in suit on any ground specified in part II of this title as a condition for patentability,

"(3) Invalidity of the patent or any claim in suit for failure to comply with any requirement of sections 112 or 251 of this title,

"(4) Any other fact or act made a defense by this title.

"In actions involving the validity or infringement of a patent the party assert-

for patent infringement cases that are inconsistent with the federal rules and supersede them to that extent; that, ordinarily, Rule 7(b) would define the term "pleading" as it is used in Rule 38(b); that 35 U.S.C. § 282 requires the party who attacks the validity of a patent to plead in detail the specific facts upon which he relies, and if he does not do so he cannot introduce evidence at the trial with respect to matters attacking the validity of the patent; that in the instant case Firestone and McCreary had pleaded only skeletal defenses until they filed their "notice" on January 13, 1964, and which was amended or supplemented by the notice of January 31, 1964.

*Jury Trial of Right—Waiver—Revival*

The Seventh Amendment to the Constitution of the United States provides:

> "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be *preserved*, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." (Emphasis ours.)

The Seventh Amendment did not create a right to a jury trial but merely preserved rights then existing at common law.[2] It has been consistently held that "neither the Sixth nor the Seventh Amendment is jurisdictional in nature and hence the right to jury trial may be waived."[3] Professor Moore cited Kearney v. Case, 12 Wall. 275, 281, 20 L.Ed. 395, 396 (1870), in which the Supreme Court said:

> "Undoubtedly both the Judiciary Act and the amendment to the Constitution secured the *right* to either party in a suit at common law to a trial by jury, and we are also of opinion that the statute of 1789 intended to point out this as the mode of trial in issues of fact in such cases. Numerous decisions, however, had settled that this right to a jury trial might be waived by the parties, and that the judgment of the court in such cases should be valid." (Cited cases omitted.)

The right to jury trial is not automatic. If not timely demanded, the right is waived. Rules 38(b) and (d) of the F.R.Civ.P. are set out below.[4] The question arises as to whether the notice under 35 U.S.C. § 282 was a pleading within the meaning of Rule 38(b). If not, "the last pleading directed to" the issues of validity and infringement was a reply filed by Firestone and McCreary on December 1, 1961, to General's counterclaims, and the rights of both the plaintiffs and the defendant to a jury tri-

---

2. 5 Moore's Fed.Prac., 2d ed., 85, 105.

3. 5 Moore's Fed.Prac., 2d ed., 75.

4. "Rule 38. Jury Trial of Right

    \*      \*      \*      \*      \*

    "(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

    \*      \*      \*      \*      \*

    "(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

ing invalidity or noninfringement shall give notice in the pleadings *or otherwise in writing* to the adverse party at least thirty days before the trial, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit or, except in actions in the United States Court of Claims, as showing the state of the art, and the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit. In the absence of *such notice* proof of the said matters may not be made at the trial except on such terms as the court requires. July 19, 1952, c. 950, § 1, 66 Stat. 812." (Emphasis added.)

al on those issues would be waived ten days after that date.[5]

■ Rule 7(a) F.R.Civ.P. defines pleadings as follows:

> "**(a) Pleadings.** There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

It is plain that a "notice" under 35 U.S.C. § 282 is excluded from the definition of Rule 7(a). By its express terms, section 282 precludes characterization of such a "notice" as a "pleading." Said section 282 is set forth in full in footnote 1. The defenses which shall be pleaded under section 282 include noninfringement and invalidity, but the notice of specific art and witnesses to be relied upon to prove these defenses are treated in the last paragraph of the section wherein it is stated that such "notice" may be given in the pleadings *or otherwise in writing*. If the notice can be given otherwise than in the pleadings, the notice cannot itself be a pleading. The pleadings formulate the issues. A notice under section 282 merely identifies specific evidentiary items of prior art and witnesses having knowledge of prior art to be relied upon to prove the issues previously formulated.

General seeks to derive comfort from the "History of 35 U.S.C. 282" and attempts to show that under the predecessor Act R.S. 4920 (35 U.S.C. § 69) prior patents and uses were required to be pleaded. However, we reject this argument. Since early in the patent law of this country, an accused infringer challenging validity was required to give notice of the prior art upon which he relied. The practice under R.S. 4920, however, was to permit the pleading of the general issue followed by a subsequent notice reciting the specifics of the evidence of invalidity. See Bates v. Coe, 98 U.S. 31, 47, 25 L.Ed. 68 (1878); Cottier v. Stimson, 20 F. 906, 907 (C.C.D.Oregon 1884). Under R.S. 4920 a notice of prior art was not considered a pleading but even if it were so considered, the Reviser's note to 35 U.S.C. § 282 states that the prior statute was codified "with modifications." The Reviser's note states:

> "The five defenses named in R.S. 4920 are omitted and replaced by a broader paragraph specifying defenses in general terms.
>
> "The third paragraph, relating to notice of prior patents, publications and uses, is based on part of the last paragraph of R.S. 4920 which was superseded by the Federal Rules of Civil Procedure but which is reinstated with modifications."

One of the "modifications" of old R.S. 4920 is the express provision that notice to the patentee may be given "in the pleadings or otherwise in writing" and the argument that the notice is a pleading finds no logical support.[6] The District Judge in his oral opinion said: "It seems to the court entirely clear that the notice in question was not technically a pleading and is not in the nature of a pleading which would tend to open up the question of a jury trial." We agree.

---

5. Later pleadings directed to other issues were filed terminating with "Defendant's Answer to Plaintiffs' Amended Reply to Defendant's Counterclaims" filed November 4, 1963. This pleading raised no new issue giving rise to a renewed right to a jury trial on infringement and validity. However, no demand was filed within ten days after November 4, 1963.

6. General cites Thermo-King v. White's Trucking Service, Inc., 292 F.2d 668 (5 Cir. 1961), to support its contention. But there the court differentiates rather than equates the "pleadings" and a "notice" under 35 U.S.C. § 282. The case likens the notice to "interrogatories, request for admissions, and the like under the Rules" which most certainly are not "pleadings."

The demand of General for a jury trial as of right was not timely made.

### Jury Trial Discretionary Under Rule 39(b)

■ Having waived its privilege to demand a jury trial as of right, General argues that the District Court abused its discretion in refusing to order a jury trial under Rule 39(b).[7]

■ There can be no doubt that the waiver provisions of Rule 38 are constitutional.[8] "Since the grant or denial of relief from a waiver is committed to the trial court's discretion, the appellate courts normally refuse to interfere." [9]

Judge Watkins made the following explanatory comments concerning his refusal to grant a jury trial in the exercise of his discretion under Rule 39(b):

"The refusal to exercise the discretion is based upon the Court's belief that it cannot overlook the fact that this is a complicated and difficult case and without intending in any way either to disparage jurors or to compliment the Court, it is certainly unlikely that a jury composed of persons who have had no experience whatever in either this field or with patents would be able, to put it crudely, to do as good a job as a court who has had at least some experience in patent matters.

"The Court believes that there would be a substantial saving in time if a jury were not used. The reading of depositions and documents can largely be omitted; the Court can read them without having them read to him. Asking the jury to determine what the state of the art was and to determine whether this is an improvement or an advancement for a patent, whether it is a combination, an aggregation, whether there has

been an anticipation, whether the claims are definite seems to be asking more than the ordinary experience would lead you to expect a jury would do well.

"Further, and this I think is a matter of extreme importance, the jury would be required to make up its mind very promptly at the end of the case, and which is a matter of great personal concern to the Court, the court will be required to give instructions substantially immediately upon the termination of the case. When the case is tried non-jury there is an opportunity for counsel to brief the matters and to have oral argument and for the Court to study the record and in many instances to reread the entire transcript and study many of the exhibits. If this were a matter of jury trial of right, of course, all these considerations, even if they are sound, would be immaterial, but since the Court has found that there is not a case of jury trial as of right, it has no doubt that the exercise of a sound discretion would lead to a denial of the motion for a jury trial where it had not previously properly been preserved."

■ We recognize the principle, as often enunciated by the courts, that there may be exceptional circumstances present which would appear to compel the court, in the exercise of its discretion, to order a jury trial. But, in the instant case, the circumstances militate against, rather than in favor of, trial by jury. Judge Watkins noted the mass of depositions and documents, the technicalities involved in determining the issues of patent validity and infringement, the experience of the court in patent cases, the

7. 39 "(b) **By the Court.** Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion

may order a trial by a jury of any or all issues."

8. 5 Moore's Fed.Prac., 2d ed., 336.

9. 5 Moore's Fed.Prac., 2d ed., 715, citing Sofarelli Brothers, Inc. v. Elgin, 129 F.2d 785 (4 Cir. 1942).

difficulties to be encountered in instructing a jury, and the doubtful ability of jurors with only ordinary experience to comprehend the complex issues and to reach a correct conclusion.

■ General urges the presence on the record of the affidavit of prejudice filed by it against Judge Watkins as a circumstance sufficient to compel a jury trial. If such is the case, the requirement of Rule 38(b) that a demand for a jury trial be timely made and the waiver provisions of Rule 38(a) would be emasculated. Any party could revive its right to a jury trial merely by filing an affidavit of prejudice against the court. Additionally, General urges that Judge Watkins' failure to disqualify himself after the filing of the affidavit of prejudice is a circumstance warranting a trial by jury. Such argument has no place in this proceeding which seeks review of Judge Watkins' decision—*not on the insufficiency of the affidavit of prejudice,* but on the *denial of a jury trial.* If the affidavit establishes prejudice, the remedy is the disqualification of the judge—not a jury trial.

*Sufficiency of Affidavit of Prejudice*

■ We have been invited to consider and pass upon the sufficiency of the affidavit of prejudice but we decline to do so. The order of the District Court refusing to disqualify himself is not now appealable as a final order. This court, like other appellate courts, is confronted with an almost insurmountable burden of work with the number of cases on appeal increasing at a rate which is disconcerting if not actually alarming. We think it impossible and certainly inadvisable to disrupt our already enormously heavy schedule to hand down purely advisory opinions. Cases properly presented on appeal are commanding our full and undivided attention.

*Stay of Proceedings Below*

■ Not without experiencing some difficulty [10] we have considered the issues presented by the request for mandamus and have heretofore entered orders so that the parties might be fully advised of our ultimate decision. In addition to seeking mandamus, General has asked this court to order a stay of proceedings in the Maryland District Court. As hereinbefore stated, General has filed a petition for certiorari in the case decided by us on January 7, 1964, and which bears our No. 9226. General has indicated that if mandamus in the present proceeding is denied, it intends to file another petition for certiorari with the Supreme Court. It is our firm understanding that April 15, 1964, has been definitely fixed as the date for the commencement of the trial of the declaratory judgment action below. Other dates for trial had earlier been fixed but for one reason or another the trial was postponed. We have information which leads us to believe that in recent weeks the parties to this litigation entered into a stipulation in which they expressed their intention to go forward with the trial on April 15, absent interference by an appellate court. It has come to our attention that overtures have been made (rejected by Firestone and McCreary) looking to a possible transfer of certain litigation pending in a Federal District Court in Ohio and the possible consolidation of the Ohio litigation with the litigation pending in the District Court of Maryland, provided, however, that the consolidated cases be heard by a judge other than Judge Watkins. But it appears that such overtures have accomplished nothing and that the accomplishment of such objectives is not even a remote possibility.

Firestone and McCreary charge that, in filing petitions for mandamus and applying for certiorari, General is motivated solely by a desire to obtain a delay of the trial in the court below and thus provide the opportunity for a trial of the Ohio litigation to take precedence over the Maryland case. We are not disposed to question General's motives in resorting

---

10. The members of this court are geographically widely separated. No formal hearing session of the court is now in progress. The next such session convenes in Richmond, Virginia, on April 13, 1964.

to such procedures as it may be advised are necessary to protect its interests, but it does appear that since the beginning of this litigation in 1961, all parties have had ample time to exhaust discovery procedures and to ready themselves for trial.

The District Judge has made it clear that he would not, of his own volition, stay the proceedings before him and that he would go ahead with the trial as scheduled unless told by higher authority not to do so. Since the trial date is so near at hand it is not unreasonable to assume that, as the result of diligent effort, arrangements have been made by counsel, by the litigants, by prospective witnesses and by the District Court to begin the trial of Civil Action No. 12,932 on the appointed date. We perceive no good reason to interfere with orderly District Court schedules or to further stay the trial to which the parties are entitled.

The applications for writ of mandamus and stay of trial proceedings below will be denied.

Denied.