**UNITED STATES of America, Plaintiff,**

v.

**PILOT FREIGHT CARRIERS, INC. and the International Brotherhood of Teamsters, Warehousemen and Chauffeurs, Defendants.**

**Civ. A. No. C-143-WS-71.**

United States District Court, M. D. North Carolina, Winston-Salem Division.

March 7, 1972.

---

**520**

Stuart P. Herman and Richard J. Ritter, Dept. of Justice, Washington, D. C., for plaintiff.

Brown Hill Boswell, Blakney, Alexander & Machen, Charlotte, N. C., for Pilot Freight Carriers, Inc.

Hugh Beins, Washington, D. C., and David Liner, Drum, Liner & Redden, Winston-Salem, N. C., for the International Brotherhood of Teamsters.

### ORDER

GORDON, Chief Judge.

The United States commenced this action under the Civil Rights Act of 1964, Sec. 707, 42 U.S.C. 2000e–6 against Pilot Freight Cariers, Inc., an interstate motor freight carrier, and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, an international union.

Defendant Pilot Freight is a common motor carrier which operates through the eastern seaboard from Massachu-

setts to Florida and as far west as Ohio. The Company's home office is in Winston-Salem, North Carolina, and it has terminals in more than a dozen states. The complaint herein alleges that Pilot Freight Carriers follows a policy or practice of discrimination against Negroes because of their race. The government also alleges that the defendant Teamster International by itself and through sectional conferences and local unions is a party to collective bargaining agreements with Pilot which provide for the accumulation of seniority by job classifications and for separate lines of seniority by job classification. Said seniority provisions, according to the complaint, prevent or tend to prevent transfer by Negroes from the lowest-paying least desirable jobs to which they were assigned on the basis of race to the higher paying more desirable classifications and thus perpetuate the effects of the policies and practices of discrimination by race of defendant Pilot.

The International Brotherhood of Teamsters has moved for dismissal on the grounds that the complaint fails to name the more than 20 local unions, the vast majority of which are located outside North Carolina, which sign the collective bargaining agreements with Pilot. In the International's view these locals are indispensible parties to this action. At oral argument, the International Union alternatively requested a protective order limiting senority relief to those Pilot terminals located in the State of North Carolina. For the reasons herein discussed, the motions of the defendant International Brotherhood of Teamsters are denied.

The United States has also filed a motion for an order compelling the International Union to answer interrogatories which ask information on the racial composition and hiring hall referral arrangements of certain local unions located outside of North Carolina which have collective bargaining agreements with Pilot. The International Union claims it has no records or knowledge of the information requested. For the reasons herein discussed the plaintiff's motion is also denied.

## I.

The vast majority of unionized employees at Pilot Freight Carriers, no matter where they are employed, work under the National Master Freight Agreement which is a nationwide multi-employer—multi local union collective bargaining agreement of road and city employees in the trucking industry. In addition, Pilot employees are also covered by various supplemental agreements, i. e.—New England Supplemental, Carolina Council Supplements, Southern Conference Supplements and Central States Conference Supplements. Although the supplemental agreements are signed and administered by each local union at each individual terminal, they are negotiated on an area wide basis by Local representatives of employees of all unionized trucking companies in that area. Thus, Teamster Local 71 signs the same Agreement with Pilot Freight Carriers covering road and city employeees at Pilot's Charlotte, North Carolina, terminal as does Teamster Local 28 covering the same employees at Pilot's Greenville, South Carolina, terminal. Similarly, Teamster Local 391 in Greensboro, North Carolina, signs the same National Master Freight Agreement with Pilot for city and road employees at Durham, Eden, Kernersville, Laurinburg, Rocky Mount and Wilmington, North Carolina, as Local 191 in New Haven, Connecticut, for Pilot employes it represents in those classifications.

The International Union does not contest service of process or jurisdiction over it but claims that these various local unions are indispensible parties to this action and plaintiff's failure to join them should result in a dismissal. However, the International's argument overlooks the main issue. The rights at issue here are not the rights of the local

unions, but the seniority expectations of incumbent white employees of Pilot who may be affected by any seniority carry-over or other seniority relief ordered by this Court if the collective bargaining agreements are found to perpetuate the effects of prior hiring and assignment discrimination. See Robinson v. Lorillard Corp., et al., 319 F.Supp. 835 (M.D. N.C.1970) aff'd 444 F.2d 791 (4th Cir., 1971). Under the Teamster International Constitution, these white employees of Pilot, if they are Teamster members, are members of the International Union as well as a local union. Furthermore, the contracts under which they work, although signed by local unions, are negotiated on a National level by an Employees Negotiating Committee of which International President Frank Fitzsimmons is Chairman and on a regional level by groups representative of Teamster Local Unions.

This Court concludes that the International can adequately represent the interests of Pilot's employees whose seniority expectations may be affected by this litigation. The various local unions therefore are not indispensible parties to this action.

However, to ensure that each local has knowledge of the pendency of this lawsuit, and can seek to participate if it wishes to do so, this Court will order the Clerk to advise the local unions of the pendency of this action. Russell v. American Tobacco Co., 3 FEP Cases 201 (M.D.N.C. January 20, 1971).

■ The International Union at oral argument also requested a protective order limiting seniority relief to Pilot's North Carolina terminals. This Court recognizes that local unions outside North Carolina which are not doing business in this State are beyond the Court's jurisdiction. This does not mean, however, that this Court may not order defendant Pilot to discontinue policies and practices which unlawfully perpetuate the effects of discrimination, even though these policies and practices

may appear neutral on their face and be carried out pursuant to provisions of collective bargaining agreements at Pilot Terminals outside of North Carolina, United States v. Sheet Metal Workers, Int. Ass'n Local Union No. 36, 416 F.2d 123 (8th Cir., 1969) at 132 fn. 16.

## II.

■ The United States also has filed for an order compelling the International to answer Interrogatories as to the racial composition and hiring hall referral arrangements of certain local unions outside of North Carolina which have collective bargaining agreements with Pilot. The International claims it has no records or knowledge of the information requested.

This Court recognizes that the cost and burden on the United States of obtaining this information by discovery proceedings against the various locals would be much greater than if the defendant International obtained it. However, the International claims it does not know the information and it cannot compel the locals to provide it. Although the Teamster Constitution provides for the local unions filing reports with the International, there is no specific provision for reporting the material requested by the plaintiff.

The Court is reluctant to order a defendant, under penalty of contempt, to produce information that it may not be able to obtain from a nonparty. This Court, however, urges the International to make good faith efforts to obtain the information desired from the locals and thereby avoid the substantial additional discovery cost which will otherwise be imposed on the plaintiff.

For the reasons above stated it is ordered

(1) That the defendant International Brotherhood of Teamsters' Motion to Dismiss for failure to name indispensible parties and for a protective order limiting seniority relief to Pilot's North

Carolina Terminals should be and hereby is denied; and

(2) That plaintiff United States' Motion to Compel Discovery should be and hereby is denied.

(3) That the Clerk of this Court shall forthwith forward a copy of the complaint and this Memorandum and Order to the attached list of Teamster local unions notifying them of this action.