See also, D.C., 69 F.R.D. 378.

**Milford A. VIESER et al.**

**v.**

**HARVEY ESTES CONSTRUC-TION CO. et al.**

**Civ. No. 74-322-D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

May 7, 1975.

On Application to Drop and Add
Plaintiffs July 16, 1975.

James F. Davis, Roy Davis, S. Paul Hammons, Oklahoma City, Okl., for Milford A. Vieser, and others.

Hal Leaming, Oklahoma City, Okl., counsel for receiver, Mack S. Burks.

Larry E. Myers, C. Craig Cole, Kenneth W. Dickerson, Oklahoma City, Okl., for Harvey Estes Constr. Co., Harvey Estes, Suzan Estes.

Robert F. Bourk and D. Fred Doak, Oklahoma City, Okl., for Flintkote Supply Co., Circle J. Co., Inc., d/b/a Space Kitchens.

D. Fred Doak, Oklahoma City, Okl., for D & S Electric, Inc.

Larry D. Patton, Oklahoma City, Okl., for The Fagan Co., Inc.

Harold M. Durall, Oklahoma City, Okl., for The Dolese Co.

Jay Galt, Don Cooper, Oklahoma City, Okl., for Active Electrical Distributors, Inc.

Jack H. Petty, Bethany, Okl., for Jim Snyder, d/b/a Snyder & Associates Contract Drapery Co.

William P. Porter, Oklahoma City, Okl., for Tom McDonald & Jerry Gatewood, d/b/a Tom McDonald & Jerry Gatewood Apartment Finishing Service and d/b/a Jerry Gatewood, After Hours Heat & Air.

Jess Horn, Oklahoma City, Okl., for Jack Guest, d/b/a A-Jack's Sand & Gravel.

William R. Saied, Oklahoma City, Okl., for Bill J. McConnell.

Mickey James, Earl G. Williams, Oklahoma City, Okl., for The H. E. Leonhardt Lumber Co.

John W. Swinford, Oklahoma City, Okl., for Sturbridge Apartments Partnership, Capital Resources Real Estate Partnership II, Capital Resources Real Estate Partnership, III, Robert W. Forloine.

Robert F. Bourk, Oklahoma City, Okl., for Don Stricklen, d/b/a Stricklen Cabinet and Drainboard Service.

Warren L. McConnico, Tulsa, Okl., for Plunkett Co.

Michael E. Krasnow, Oklahoma City, Okl., for Harter Concrete Products, Inc.

Robert H. Warren, Jeff L. Hirzel, Oklahoma City, Okl., for Frank's Glass Shop, Inc., Ellsworth Inc., d/b/a Caston Lumber Co., Gerald P. Chamberlain & John E. Whitfield, Jr., d/b/a Acco Sheet Metal.

Carl E. Moslander, Oklahoma City, Okl., for Anchor Paint Co. of Oklahoma City, Okl.

Bruce McClelland, Oklahoma City, Okl., for Okeefe & Merrit Co., General Electric Co.

Peter Van Dyke, Oklahoma City, Okl., for Aetna Business Credit, Inc., Diamond Rug & Carpet Mills.

Jimmie J. Schnorr, Bethany, Okl., for Kenneth A. Skinner, d/b/a KA-TE Roofing Co.

H. Jeffrey Diamond, Holdenville, Okl. (disclaimed) for The Federal National Bank & Trust Co. of Shawnee.

Daniel J. Fowler, Oklahoma City, Okl., for Public Supply Co.

Robert Amis, Del City, Okl., for AAA Fence Corp.

W. J. Robinson, Oklahoma City, Okl., for Robberson Steel Co., Tommy Taylor, Junious Johnson, Oklahoma Co. Utility Services Authority, Drywall Supply Co., Inc., Shawnee Concrete Block & Brick, Norman Cox, Donald W. Crosswhite, Cellular Concrete Specialty, Inc., Gatewood Homes Inc., Suzan Interiors, Inc., Duane Yost, d/b/a Aero Cleaning, Emmett Powell, Percy Tomlin, and Metropolitan Utilities Co., and Sandra Stanka, d/b/a Sandra Stanka Janitorial Service and Harvey Homes, Inc.

## ORDER

DAUGHERTY, Chief Judge.

This action arises from the alleged default by the builder on various construction financing agreements involving the construction of an apartment project in Oklahoma City, Oklahoma, known as the Sturbridge Apartments. Plaintiffs provided such financing and accepted and received two mortgages, a financing statement covering personal property installed in the project and promissory notes from the builder, Defendant Harvey Estes Construction Company. Defendants Harvey Estes and Suzan Estes executed a personal Guarantee of Completion Agreement. The builder failed to complete the project according to the agreements. Multiple liens were filed

against the property by sub-contractors and material suppliers. The Plaintiffs initiated this action to foreclose the mortgages and determine the rights of the lien claimants and others to the property. They seek a money judgment on the notes and also on the Guarantee of Completion Agreement. A Receiver for the property was sought and was appointed by this Court. Defendant Harvey Estes Construction Company filed a Counterclaim (designated Cross-Petition) against Plaintiffs asserting that the parties had reached a new agreement in regard to completion of the project and that this purported agreement has been breached by Plaintiffs. Money damages are sought in this Counterclaim. Multiple lien claimants have asserted their claims. Part of these claimants have asserted that monies received by the builder constituted trust funds to be applied to the payment of lienable claims pursuant to the provisions of 42 Oklahoma Statutes 1971, §§ 152 and 153 and have filed claims against Defendants Harvey Estes and Suzan Estes individually contending they are personally liable pursuant to the aforementioned statutes as managing officers of the corporation receiving such funds.

The issues were joined as to all issues involving Plaintiffs and Defendants Harvey Estes Construction Company, Harvey Estes and Suzan Estes on June 5, 1974 when Plaintiffs filed their Reply (designated Answer to Counterclaim of Defendant Harvey Estes Construction Company) to the aforementioned Counterclaim. The case came on for Pre-trial conference on April 15, 1975 at which time certain lien claimants were granted leave to file Amended Cross-Claims to include the assertion of claims under the trust fund theory which had been advanced by other lien claimants as noted heretofore.

During this Pre-Trial Conference, counsel for the Defendants Harvey Estes Construction Company, and Harvey Estes and Suzan Estes made an oral Motion for a jury trial on certain issues which were designated as follows: (1) The claimed breach of novation contract by Plaintiffs; (2) The liability of Harvey Estes and Suzan Estes on the Guarantee of Completion Agreement; and (3) The liability of Harvey Estes under the trust fund statute as to the claims of all lien claimants. The Plaintiffs noted an objection to the request for a jury trial. The Court directed the parties to file Briefs in support of their respective positions on whether the demand for a jury trial should be granted. Said Briefs have been filed by the moving and objecting parties.

The Brief filed on behalf of the Movants goes solely to the issue as to whether Defendants in a mortgage foreclosure action are entitled to a jury trial. After the Pre-Trial Conference and on April 22, 1975, Movants filed a written Demand for Jury Trial. Plaintiffs' Brief is directed to the proposition that the right to a jury trial has been waived by failure of the parties requesting same to make a timely demand for same. This contention is made pursuant to the provisions for such waiver contained in Rule 38(d), Federal Rules of Civil Procedure. They also note that the Court in its discretion may upon motion order a jury trial notwithstanding the failure of a party to make a proper or timely demand for a jury trial pursuant to Rule 39(b), Federal Rules of Civil Procedure.

■ The right to a jury trial in federal courts is determined as a matter of federal law even in diversity cases such as involved herein. *Simler v. Conner,* 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963); *Christopherson v. Humphrey,* 366 F.2d 323 (10 Cir. 1966).

Rule 38, Federal Rules of Civil Procedure provides:

"(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United

States shall be preserved to the parties inviolate.

(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

(c) Same; Specification of Issues. In his demand a party may specify the issues which he wishes so tried; otherwise he shall be deemed to have demanded trial by jury for all the issues so triable. If he has demanded trial by jury for only some of the issues, any other party within 10 days after service of the demand or such lesser time as the court may order, may serve a demand for trial by jury of any other or all of the issues of fact in the action.

(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

In the instant case, the written Demand for Jury Trial does not specify which issues the requesting parties desire to have tried to a jury. In this regard, the Court will consider separately the issues between Plaintiffs and the requesting parties and those between various lien claimants and the requesting parties.

■■ The issues between Plaintiffs and the requesting parties were joined by the filing of the last pleading as to such issues over ten months prior to either the oral or written Demand for Jury Trial being considered herein. This constitutes a waiver of the right to a jury trial on the part of the requesting

parties as to such issues pursuant to Rule 38(d), *supra*. Where a jury trial is desired after time to demand a jury as a matter of right has expired, the proper course is to file a motion pursuant to Rule 39, Federal Rules of Civil Procedure rather than a Demand for a Jury pursuant to Rule 38, *supra*. *Roth v. Hyer*, 142 F.2d 227 (4 Cir. 1944), cert. den., 323 U.S. 712, 65 S.Ct. 38, 89 L.Ed. 573. Rule 39(b), *supra*, provides:

"(b) By the Court. Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

In the instant case, and in the interests of justice, the Court will consider the oral and written Demand for a Jury Trial as it pertains to the issues between the requesting parties and the Plaintiffs as a motion pursuant to Rule 39(b), *supra*.

In *Hazelrigg v. American Fidelity & Casualty Company*, 241 F.2d 871 (10 Cir. 1957) the Court stated:

"Under all the decisions where the right to demand a jury has been waived, the trial court is vested with a broad degree of discretion in determining whether a jury trial shall nonetheless be granted."

*Hazelrigg, supra,* was followed in *United States Fidelity and Guaranty Company v. Lembke,* 328 F.2d 569 (10 Cir. 1964). The standards applicable in this Circuit for such a motion were stated in *AMF Tuboscope, Inc. v. Cunningham,* 352 F.2d 150 (10 Cir. 1965) to be:

"The court in exercising its discretion under Rule 39(b) of the Federal Rules of Civil Procedure 'should grant a jury trial in the absence of strong and compelling reasons to the contrary.'"

Plaintiffs herein contend that such reasons exist for the following reasons: (1) That very complex issues exist which would make submission of same to a jury very difficult; (2) That the apartment complex has been completed by the Receiver and is now ready for a sale which sale would be delayed by submitting certain issues to a jury trial; and (3) That any delay would be directly caused by the requesting parties having failed to make a timely request for a jury trial.

■■■ This Court in exercising its discretion in this matter determines that the instant case involves very complex issues and circumstances which favor a trial by the Court rather than a trial by a jury. *General Tire & Rubber Co. v. Watkins*, 331 F.2d 192 (4 Cir. 1964), cert. den., 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498; *United States v. Pilot Freight Carriers, Inc.*, 54 F.R.D. 519 (D.Minn.1972). The issues considered herein are those between the requesting parties and the Plaintiffs. These issues arise from the lending of money by Plaintiffs for which they received two mortgages. The mortgage foreclosure issues predominate. Such issues are not triable to a jury. *Rozelle v. Connecticut General Life Insurance Co.*, 471 F.2d 29 (10 Cir. 1972), cert. den., 411 U.S. 921, 93 S.Ct. 1549, 36 L.Ed.2d 314. The Court finds in its discretion that the Demand for a Jury Trial should be denied as to the issues between Plaintiffs and the parties making such demand.

■■■ Said Demand for a Jury Trial is likewise untimely as it relates to the multiple issues previously joined between Defendants Harvey Estes Construction Company, Harvey Estes, and Suzan Estes and the lien claimants which have asserted claims herein. Also, said issues are not only complex, but are voluminous as more than 25 lien claimants have entered an appearance in this case. The Court in its discretion finds that the Demand for a Jury Trial should be denied for such claims which have been at issue for more than 10 days prior to April 15, 1975.

■■■ All lien claimants were granted leave to file Amended Answers and Cross-Complaints when the matter came on for Pre-Trial Conference on April 15, 1975 pursuant to such request being made by Defendant The Dolese Company which filed such a pleading on said date. The primary new claims asserted on said date and since by some of the lien claimants were on the trust fund theory against Defendants Harvey Estes and Suzan Estes and on a third party beneficiary theory under the Guarantee of Completion Agreement. Such new claims are typical of such claims previously asserted by numerous other lien claimants. These recent amended pleadings do not add new issues to the case, but constitute additional parties making claims on the same theories asserted by other such claimants. The imposition of a trust which is the theory of these newly asserted claims by some lien claimants is equitable in origin and thus not triable to a jury even if a timely demand is made. Trusts are within the exclusive jurisdiction of courts of equity. *Alexander v. Hillman*, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192 (1935); *Burgess v. Nail*, 103 F.2d 37 (10 Cir. 1939); *Black v. Boyd*, 248 F.2d 156 (6 Cir. 1957). Third party beneficiary contracts are also equitable. 27 Am.Jur.2d Equity § 73. It follows that Defendants Harvey Estes and Suzan Estes are not entitled to a jury trial on any claim in the cross-claim against them based on the trust fund theory or on the third party beneficiary theory.

The oral and written Demands for a Jury Trial by Defendants Harvey Estes Construction Company, and Harvey Estes and Suzan Estes as to Plaintiffs and the cross-claimants should be overruled for the foregoing reasons.

The case will be set for completion of the Pre-Trial Conference at an early date.

## ORDER

### ON APPLICATION TO DROP AND ADD PLAINTIFFS

Upon consideration of Plaintiffs' Application for Leave to Drop and Add Party Plaintiffs under Rule 21 and Supporting Brief and it appearing that the Receiver herein and Defendants Kenneth A. Skinner, d/b/a KA-TE Roofing Company, Capital Resources Real Estate Partnership II, an Illinois Limited Partnership, Capital Resources Real Estate Partnership III, an Illinois Partnership, Sturbridge Apartments Partnership, an Illinois Limited Partnership, Robert W. Forloine and the H. E. Leonhardt Lumber Company concur and join in said Application and it further appearing that Defendants Harvey Estes Construction Co., Harvey Estes, Suzan Estes, Flintkote Supply Company, Aetna Business Credit, Inc., Ellsworth Inc., d/b/a Caston Lumber Co., and Frank's Glass Shop, Inc. have filed responses to said Application opposing the same and all other Defendants having failed to respond to said Application within the allotted time, the Court finds and concludes that said Application should be granted.

Plaintiffs seek leave of Court to drop Plaintiff Ross D. Hill and to add other persons as parties Plaintiff. Affidavits and other materials show that Hill, a New York citizen, at the time this action was filed was a Trustee of Hamilton Investment Trust but that he subsequently resigned. These materials also show that since this action was filed other persons have been made Trustees of Hamilton Investment Trust. Also Plaintiffs desire to drop Plaintiff and Trustee Carton S. Stallard in view of his death in February, 1975. The Defendants who have filed responses in opposition to Plaintiffs' Application oppose only the dismissal of Hill as a party Plaintiff. There is no opposition stated to the addition of the newly appointed Trustees as parties Plaintiffs. The opposing Defendants contend Hill is an indispensable party herein as counterclaims have been filed against him (and the other Trustees) and Rules 19 and 41 do not allow the dismissal of a party against whom a counterclaim has been filed. These arguments are not well taken as Hill may be dismissed as a party Plaintiff (which is all that is requested) without being dismissed as a counterdefendant.

Rule 21, Federal Rules of Civil Procedure reads as follows:

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

Courts frequently use this rule to preserve diversity jurisdiction over a case by dropping a nondiverse party if his presence in the action is not required by Rule 19. *Jett v. Phillips & Associates,* 439 F.2d 987 (10 Cir. 1971); *Oppenheim v. Sterling,* 368 F.2d 516 (10 Cir. 1966). Hill's presence in the action as a party Plaintiff is not required by Rule 19 as dropping him as a Plaintiff does not result in the dismissal of Defendants counterclaims against him.

Rule 41(a)(2) reads in part as follows:

"If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."

The purpose of this rule is to preserve to a defendant who has pleaded a counterclaim the jurisdiction of the Court over the parties and over the Defendant's claim. *S. C. Johnson & Son, Inc. v. Boe,* 187 F.Supp. 517 (E.D.

Pa.1960). However, if a counterclaim is compulsory, the Court has ancillary jurisdiction to decide it even though the Plaintiffs' claim is dismissed. *Angelucci v. Continental Radiant Glass Heating Corporation,* 51 F.R.D. 314 (E.D.Pa. 1971).

Under Rule 13(a) a counterclaim is compulsory if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, and does not require the presence of third parties of whom the court cannot acquire jurisdiction. A counterclaim is compulsory within the meaning of this rule if it is logically related to the claim upon which the opposing party is suing. *Koufakis v. Carvel,* 425 F.2d 892 (2 Cir. 1970); *Diamond v. Terminal Ry. Alabama State Docks,* 421 F.2d 228 (5 Cir. 1970). The gist of the counterclaims asserted against Hill by the various Defendants herein is that he (in conjunction with other Trustees) withheld trust funds necessary for the satisfaction of Defendants' liens. This is an outgrowth of the fact situation which forms the basis of Plaintiffs' cause of action, is logically related thereto, and is therefore a compulsory counterclaim. The Court will retain ancillary jurisdiction over their counterclaim after Hill is dropped as a party Plaintiff. As Hill was a party Plaintiff at the time the Defendants' counterclaims were filed, the counterclaims do not require the presence of third persons of whom the Court cannot acquire jurisdiction.

Plaintiffs' Application should be granted.

Defendants Harvey Estes Construction Co., Harvey Estes and Suzan Estes in their responses to the Application considered above have moved for the dismissal of this action on the grounds that there is a lack of complete diversity between all parties Plaintiff and Defendant because Plaintiff Hill and one of the Defendants are citizens of New York. This jurisdictional defect will be cured when Plaintiffs drop Hill as a party Plaintiff pursuant to leave of court herein granted. When a trustee(s) is a party in determining diversity of citizenship for jurisdictional purposes it is his (their) citizenship which is controlling. It is not the seat (state in which the trust is established or filed) of the trust or the residence of the beneficiary(ies). 32 Am.Jur.2d, Federal Practice & Procedure, Sec. 91, pg. 504. Also see *Dodge v. Tulleys,* 144 U.S. 451, 12 S.Ct. 728, 36 L.Ed. 501 (1892); *Greenough v. Tax Assessors,* 331 U.S. 486, 67 S.Ct. 1400, 91 L.Ed. 1621 (1947); *Curb and Gutter Dist. No. 37 v. Parrish,* 110 F.2d 902 (8 Cir. 1940); *Lang v. Elm City Construction Company,* 217 F.Supp. 873 (D.Conn.1963); *Nunn v. Feltinton,* 294 F.2d 450 (5 Cir. 1961); *Waxman v. Kealoha,* 296 F. Supp. 1190 (D.Haw.1969). As it now stands with Plaintiff Hill dropped as a party full diversity of citizenship is present. No Plaintiff has the same citizenship of any Defendant. The curative action in dropping Plaintiff Hill relates back to the original filing of the Complaint. *Callen v. Lillybelle, Ltd.,* 234 F. Supp. 773 (D.N.J.1964). Therefore, this Motion should be overruled.

Defendant Flintkote contends that there is a lack of complete diversity herein as it is a Massachusetts corporation and Hamilton Investment Trust is a Massachusetts Investment Trust. This contention is patently without merit. An unincorporated association is not a jural person for diversity purposes. See *Arbuthnot v. State Auto Ins. Ass'n,* 264 F.2d 260 (10 Cir. 1959). Also see 32 Am.Jur.2d Federal Practice and Procedure, Sec. 91, pg. 504. Defendant Flintkote's jurisdictional objection as advanced in its brief opposing the Application under consideration herein should be overruled.