920 F.2d 926
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Aaron HOLSEY, Plaintiff-Appellant,
v.
Gene D. SHIVES, Individually, and as Former Assistant Warden
at Maryland Correctional Institution, Hagerstown, Maryland,
Davie's, Individually, and as former Assistant Warden at the
Maryland Correctional Institution, Hagerstown, Maryland,
Shirley Smith, Individually, and as Librarian at the
Maryland Correctional Institution during 1982, Hagerstown,
Maryland, Defendants-Appellees.
 
 No. 90-7150.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 3, 1990.
Decided Dec. 18, 1990.
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-82-1833-K)
 Aaron Holsey, appellant pro se.
 Ronald Mark Levitan, Assistant Attorney General, Baltimore, Md., for appellees.
 D.Md.
 DISMISSED.
 Before K.K. HALL, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Aaron Holsey appeals the district court's denial of his motion for reassignment of cases to another district court judge. Because the decision is clearly interlocutory and therefore not subject to our jurisdiction, the appeal is dismissed.
 
 
 2
 It is well established that the denial of a motion to disqualify is not a final order or one that should be treated as such under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). Vuono v. United States, 441 F.2d 271, 272 (4th Cir.1971); General Tire & Rubber Co. v. Watkins, 331 F.2d 192, 198 (4th Cir.), cert. denied, 377 U.S. 952 (1964). See also United States v. Washington, 573 F.2d 1121, 1122 (9th Cir.1978). Because the district court's ruling on the motion in the instant case was not a final order under 28 U.S.C. Sec. 1291 or an order presented to this Court under 28 U.S.C. Sec. 1292(b), see In re Virginia Electric & Power Co., 539 F.2d 357, 363 (4th Cir.1976), the appeal should be dismissed.
 
 
 3
 Parties aggrieved by the trial court's refusal to order disqualification are not wholly without an interlocutory remedy. In the exceptional case, where the issue of disqualification appears to be a significant one, the court may consider the motion to disqualify by way of a petition for a writ of mandamus. See In re Virginia Electric & Power Co., supra, at 365. However, we believe that it would be inappropriate to treat the instant case as one requiring this Court's utilization of its power of supervisory mandamus because it is clear that effective appellate review will be available later on appeal from the district court's final judgment. Compare In re Virginia Electric & Power Co., supra, with General Tire & Rubber Co. v. Watkins, supra.
 
 
 4
 Accordingly, because the dispositive issues have been recently decided authoritatively, we dispense with oral argument and dismiss this appeal.
 
 
 5
 DISMISSED.