MARY SCOTT, COMPLAINANT–RESPONDENT, v. LAMBERT STEWART, ET AL., DEFENDANTS–APPELLANTS.

Argued October 4, 1948—Decided November 8, 1948.

*Mr. Elwood C. Weeks* argued the cause for defendants-appellants.

*Mr. Robert Peacock* argued the cause for complainant-respondent.

The opinion of the court was delivered by

VANDERBILT, C. J.  In September, 1943, Dennis C. Green, then eighty-three years of age and residing with his niece, the complainant, in Burlington, executed a deed for her benefit to his homestead in Pleasantville, in the office of Judge Charles A. Rigg of Burlington.  According to Judge Rigg, the only disinterested witness to the transaction, the circumstances were as follows:

"Well, Dennis Green and Mary Scott came into my office and Mr. Green said that he wanted to convey his property to Mary Scott, that she had paid a lot of taxes and at the present time she was waiting until, because she had put so much money in it, she said, that she wanted some security before she paid anything more and Dennis Green said he wanted to convey the property to her.  And I told her or them, I said, 'It won't do to convey this to you because your husband is in the Asylum and you won't be able to convey with him in the condition that he is'.  So they mentioned a name [Elzie Hopewell and Hattie, his wife] that they would put it in and I asked Mrs. Scott, I said 'Do you know these people?'  She says 'Yes, she is my sister.'  * * *

"I told him he was conveying the property and that it was to protect or evidence to her for the money that she had put in it and she was then, she was going to pay more taxes."

Clearly the conveyance was intended to secure the complainant for her past and prospective advances to Green. It is well settled that a deed under such circumstances will be treated in equity as a mortgage.

Later Green returned to his home in Pleasantville and in November, 1944, commenced a suit in Chancery to set aside the conveyance to the Hopewells, alleging that it had been procured by fraud, that it had not been signed or acknowledged by him and that he had received no consideration therefor.  The Hopewells, who lived in Baltimore, were served by publication.  They admit receiving notice of the pendency of the suit, but in the words of Mr. Hopewell, "I disqualified it;

throwed it away." They neither defended the suit nor did they notify complainant Scott of its pendency. She denies having any knowledge of the suit until after a final decree was entered on October 30, 1945, setting aside the conveyance to the Hopewells.

A week later Green and the defendants Stewart entered into a written agreement whereby, in consideration of the promise of the Stewarts to support Green for the rest of his life and on his death to pay his burial expenses, Green agreed to convey the premises to the Stewarts. At the same time Green executed and delivered to them a deed to the premises. Mrs. Stewart admitted that at the time of the making of the agreement and of the deed both her husband and she were told by Green of the deed to the Hopewells. Green died approximately a month and a half later.

■ The present suit to set aside the decree in the suit of Green against the Hopewells and to have the complainant decreed to be the lawful owner of the premises was commenced in May, 1947, following discussions between the complainant and the Stewarts, which had commenced at Green's funeral. In the light of Mrs. Stewart's testimony the Stewarts cannot be deemed to be innocent purchasers for value without notice.

■ The learned Vice Chancellor set aside the final decree obtained by Green and the deed given by him to the Stewarts and directed the Stewarts to reconvey the premises to the complainant with appropriate adjustments for rent, taxes, funeral expenses and the like. In view of our conclusions that the deed to the Hopewells was intended solely as security for the advances made by the complainant to Green and that the defendants Stewarts took with notice, the decree below must be modified to the extent of decreeing a mortgage interest in favor of the complainant in the premises conveyed to the Stewarts to the amount of her advances, with interest, to Green, and of directing the entry of a judgment of foreclosure and ordering a sale of the premises in satisfaction thereof, with costs in both courts to the complainant. Let the pleadings be amended accordingly.

*For modification:* Chief Justice VANDERBILT and Justices HE-HER, BURLING, and ACKERSON—4.

*For reversal:* Justices CASE and WACHENFELD—2.