MARY SCOTT, PLAINTIFF-RESPONDENT, v. LAMBERT STEWART AND LILLIAN STEWART, DEFENDANTS-APPELLANTS.

Argued June 13, 1949—Decided June 30, 1949.

510

*Mr. Elwood C. Weeks* argued the cause for the defendants-appellants.

*Mr. Robert Peacock* argued the cause for the plaintiff-respondent.

The opinion of the court was delivered by

VANDERBILT, C. J. This cause first came before us several months ago, the appellants then seeking to reverse a decree of the former Court of Chancery setting aside an earlier decree of that court as having been procured by fraud. We agreed with the learned Vice-Chancellor that the earlier decree should be set aside, but, taking advantage of the new rules, we gave directions designed to work out complete justice between the parties in the single suit. What under the former practice would have necessitated a suit by the defendants here to have the plaintiff's deed declared to be a mortgage and would have then required the plaintiff to file her bill to foreclose her mortgage was all disposed of by directions to amend the pleadings to accomplish these objectives in the pending suit, thus avoiding a multiplicity of suits, the consequent delay and expense to the parties and the unnecessary waste of the trial court's time. *Scott v. Stewart,* 1 *N. J.* 60 (1948).

On the coming down of the mandate, the defendants demanded a trial by jury to determine the amount of the advances made by the plaintiff to Dennis Green in his lifetime for which she was given a mortgage interest in the premises

in question by our decision. The trial court denied this application and entered an order of reference for the ascertainment of the amount of the plaintiff's advances to Dennis Green over the objection of the defendants made on the ground that a claim for "board, clothing and doctor bills" was not within the scope of the pleadings. From both of these determinations of the trial court the defendants appealed to the Appellate Division of the Superior Court and we have certified the appeal here on our motion solely for the purpose, as in several other instances, of enabling the Appellate Division to dispose of all the matters on its calendar that are ready for argument before the summer recess.

Although the point is not raised by the plaintiff, the appeal now before us is from an interlocutory order of reference which does not come within the scope of *Rule* 4:2–2(d), as being "necessary to preserve and maintain the *res* or *status quo* pending final judgment and prevent irreparable injury or mischief." The appeal might therefore be dismissed as premature, *Cf. Sobol v. Chelsea Hotel*, 1 *N. J.* 13 (1948), but we will dispose of it on the merits because we deem it in the interests of justice that this litigation be terminated expeditiously so far as we have it within our power to do so.

There is no merit to the defendants' demand for a trial by jury. Every phase of the controversy between the parties—the setting aside of a decree procured by fraud, the decreeing of a deed absolute on its face to be a mortgage in equity, and the foreclosure of a mortgage and, as incidental thereto, the ascertainment of the amount due on a mortgage—is equitable in nature. In such matters there was no right to a trial by jury under the Constitution of 1844 and there is none under the Constitution of 1947, *Steiner v. Stein*, 2 *N. J.* 367 (1949).

In their notice of appeal the defendants object to the scope of the order of reference as including "board, clothing and doctor bills for Dennis Green." In their brief they object to an order of reference as violating *Rule* 3:53–1. So far as concerns the scope of the pleadings, this court specifically directed that the "pleadings be amended" to conform with its view of the nature of the controversy and decreed "a mort-

gage interest in favor of the complainant ' \* \* \* to the amount of her advances, with interest," 1 *N. J.* 62. The word "advances" is broad enough and was meant to comprehend not only loans and payments on account of taxes, but board, clothing and doctor bills as well. At the oral argument the plaintiff through her counsel voluntarily limited her claim to reimbursement· to the items totalling about $2,000, which had been gone into at length in the original hearing below and which are therefore familiar to the trial court. Without reversing the order of reference, we suggest that it should be an easy matter to prepare a list of the plaintiff's expenditures with the appropriate vouchers and references to the testimony in the suit to set aside the fraudulent decree, but this we leave to the discretion of the trial judge. Counsel should assist the court by the preparation of such a schedule. Each party has received his or her just desserts, the plaintiff by the return of her advances, the defendants by obtaining the equity in a house admitted by them on the argument to be worth $8,000, in return for their agreement to care for Dennis Green during his lifetime, which turned out to be for the brief period of three weeks. The matter should be speedily disposed of.

■ An inspection of the file of the case in the office of the clerk of the Superior Court discloses a proposed modified judgment to conform to the views expressed in the earlier opinion of this court, attached to a notice of motion returnable January 28, 1949. Without passing upon the validity of this judgment, which is as yet unsigned and which is not formally before us, attention is called to the fact that the pleadings have not yet been amended to conform to our earlier opinion. To be efficacious, a judgment in the Chancery Division of the Superior Court, like a decree in the former Court of Chancery, must not go beyond the issues raised by the pleadings, *Munday v. Vail,* 34 *N. J. L.* 418, 422 *(Sup. Ct.* 1871), except to the extent that the pleadings may be superseded by the pre-trial order, *Rule* 3:16. Although our rules provide for great liberality of amendment, *Rule* 3:15, the principle which was first crystallized in this country in the

leading opinion of Chief Justice Beasley in the *Munday case* still prevails, for otherwise innumerable disputes might arise as to the scope of judgments, particularly on pleas of *res judicata;* see *Nagle v. Conard,* 96 *N. J. Eq.* 61, 64 (*Ch.* 1924).

The order appealed from is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.