IN THE MATTER OF THE ESTATE OF MARY McFEELY,
DECEASED.

Argued September 17, 1951—Decided October 1, 1951.

Mr. *Abraham J. Slurzberg* argued the cause for the appellant (Mr. *Joseph B. McFeely,* attorney *pro se*).

Mr. *Victor S. Kilkenny* argued the cause for the respondent (*Messrs. Otis & Kilkenny,* attorneys; Mr. *Isidore Glauberman,* of counsel).

The opinion of the court was delivered by

VANDERBILT, C. J. Mary McFeely died intestate on June 14, 1942, and in due course the Surrogate of Hudson County issued letters of administration on her estate to her brother, Bernard N. McFeely. He died on August 8, 1949, without having filed an inventory or an accounting of his sister's estate or without having made distribution thereof to her next of kin.

On April 11, 1950, Alice McFeely Gregory, a niece of Mary McFeely, filed a complaint in the Chancery Division of the Superior Court charging that Bernard N. McFeely had failed for a period of more than seven years to administer his sister's estate of the value of $400,000 or more, and that by reason thereof a dispute existed as to her rights and those of others in her aunt's estate, and praying for the appointment of a substituted administrator, "preferably one who is not pecuniarily or otherwise, directly or indirectly, interested in the

dispute * * * with reference to the interest of this plaintiff and others in the undistributed assets of the estate of Mary McFeely, deceased."

Joseph B. McFeely, a nephew of Bernard N. McFeely, deceased, was named as his executor in a paper dated November 6, 1947, which according to the complaint herein was in dispute in the Hudson County Court. He individually gave a notice of motion to dismiss the complaint on the ground that the Superior Court had no jurisdiction over the subject matter. The Chancery Division, however, denied the motion, sustained the complaint and upheld its jurisdiction to appoint a substituted administrator. The Appellate Division affirmed *per curiam* the decision of the Chancery Division and the matter now comes here by certification allowed by us.

The appellant contends that inasmuch as the surrogate granted the original letters of administration on the estate of Mary McFeely, deceased, her estate remains under his jurisdiction notwithstanding the death of the original administrator and that therefore the application for letters of substituted administration should be made to the surrogate and not to the Chancery Division of the Superior Court. But *R. S.* 3:7–61 provides that the appointment of a substituted administrator

"shall be made by the issuance of letters of substitutionary administration, with or without the will annexed as the case may be, by the surrogate of the proper county or the ordinary in the manner and upon the conditions prescribed for granting letters of administration to the first administrators in other cases."

By Article XI, Section IV, paragraph 3 of the Constitution of 1947 and Article VI, Section III, paragraph 3, the jurisdiction, functions, powers and duties of the ordinary are vested in the Superior Court, and by *Rule* 3:40–2 they are assigned to the Chancery Division of that court. The intent of the statute to give the Chancery Division, as the successor to the ordinary, the power to appoint substituted administrators is clear and unambiguous.

 But the appellant argues that when a surrogate appoints the first administrator of an estate, he acquires exclusive jurisdiction over the estate until it is completely administered and such jurisdiction includes the power to appoint substituted administrators. This argument ignores *Rule* 3:88–1, which provides that

"The action for probate of a will, for letters of administration, letters of administration with the will annexed, letters of substitutionary administration, or letters of substitutionary administration with the will annexed, shall be commenced by filing a complaint * * *."

This rule establishes no new procedure; it is derived from Rule 3 of the former Prerogative Court promulgated in 1941, which in turn is drawn from Rule 3 of that court promulgated in 1915. If an action for letters of substitutionary administration must be commenced by filing a complaint just as an action for the probate of a will or for letters of administration or the like, it follows that an entirely new proceeding is contemplated, which under *R. S.* 3:7–61 might be instituted either in the surrogate's court or in the Chancery Division of the Superior Court.

██ The appellant cites several cases for the proposition that once a competent court has assumed jurisdiction of an estate another court of concurrent jurisdiction will decline to take cognizance of the matter. *In re Coursen's Will,* 4 *N. J. Eq.* 408, 417 (*Prerog. Ct.* 1843) ; *Fisher's Case,* 49 *N. J. Eq.* 517, 519 (*Prerog. Ct.* 1892) ; and *In re Plemenik's Estate,* 136 *N. J. Eq.* 381, 385 (*E. & A.* 1944) ; but these cases are not in point, for here no application for substituted administration was ever made to the surrogate's court. Even assuming, however, that a complaint had been filed in a surrogate's court under *Rule* 5:4 for the appointment of a substituted administrator, the matter would remain there only momentarily. Where, as here, a dispute or a doubt arises with respect to the right of administration, the surrogate's jurisdiction vanishes in favor of the county court, which is

empowered by *R. S.* 3:1–2 and *R. S.* 3:7–5.1 to hear and determine the controversy; see also *Rules* 5:3–3 and 5:3–5.

Moreover, the former Court of Chancery had a well recognized head of equity jurisdiction, vested in the Chancery Division of the Superior Court under the new Constitution and the rules of court, to entertain any matter relating to the administration of an estate pending either in a surrogate's court or a county court where necessary to do complete justice, *Saller v. Williamson Adm'r.,* 2 *N. J. Eq.* 480 (*Ch.* 1841); *King v. Executors of Berry,* 3 *N. J. Eq.* 44 (*Ch.* 1834); *Clarke v. Johnston,* 10 *N. J. Eq.* 287 (*Ch.* 1854); *Lommason v. Washington Trust Co.,* 138 *N. J. Eq.* 206, 219 (*Ch.* 1946); *Creech v. McVaugh,* 140 *N. J. Eq.* 272 (*Ch.* 1947). Here it is evident from the complaint filed by the respondent that if the surrogate had been petitioned to grant substituted administration and had done so, it would have been followed immediately by a complaint either in the county court or the Chancery Division of the Superior Court to determine the entire controversy. The policy of our new practice is to avoid multiplicity of litigation; see *Scott v. Stewart,* 1 *N. J.* 60 (1948) where a decree improvidently entered was set aside, a deed absolute on its face was construed to be a mortgage and the mortgage so declared was foreclosed in a single suit.

The judgment below is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*For reversal*—None.