IN THE MATTER OF THE ESTATE OF MARY McFEELY, DECEASED.

Argued June 16, 1952—Decided June 23, 1952.

*Mr. Abraham J. Slurzberg* argued the cause for the appellants (*Mr. Abraham J. Slurzberg,* attorney for Anna Walsh; *Mr. Joseph B. McFeely,* attorney *pro se* and for *Edward J. McFeely*).

*Mr. Victor S. Kilkenny* argued the cause for the respondent. (*Messrs. Otis & Kilkenny,* attorneys. *Mr. Isadore Glauberman,* of counsel).

The opinion of the court was delivered by

VANDERBILT, C. J. Edward J. McFeely and Anna Walsh, brother and sister respectively of the decedent Mary McFeely, and Joseph B. McFeely as executor of the will of Bernard N. McFeely, a brother of Mary McFeely, appealed to the Appellate Division of the Superior Court from a judgment of the Chancery Division of the Superior Court striking an answer filed by Joseph B. McFeely as executor of Bernard N. McFeely and appointing John G. Flanigan as substituted administrator of the estate of Mary McFeely. We have certified the appeal on our own motion.

Mary McFeely died intestate on June 14, 1942, and in due course, all other next of kin having renounced, letters of administration were issued to the brother Bernard N. McFeely. He died on August 8, 1949, and Joseph B. McFeely duly qualified as executor of his estate. On April 11, 1950,

Alice McFeely Gregory, a niece of Mary McFeely, filed a complaint in the Chancery Division of the Superior Court charging that Bernard N. McFeely had failed for a period of more than seven years to administer his sister's estate of the value of $400,000 or more, and seeking the appointment of a substituted administrator "preferably one who is not pecuniarily or otherwise, direct or indirectly, interested in the dispute * * * with reference to the interest of this plaintiff and others in the undistributed assets of the estate of Mary McFeely, deceased." Joseph B. McFeely as executor of the last will and testament of Bernard N. McFeely moved to dismiss the complaint on the ground that the court lacked jurisdiction over the subject matter. The motion was denied and on an appeal therefrom the denial was affirmed *per curiam* in the Appellate Division of the Superior Court, 11 *N. J. Super.* 518 (1951), and on certification allowed by this Court the judgment of the Appellate Division of the Superior Court was in turn affirmed, 8 *N. J.* 9 (1951).

Thereafter on December 14, 1951, Joseph B. McFeely as executor of the estate of Bernard N. McFeely filed an aswer to the complaint. On motion of the plaintiff Alice McFeely Gregory the trial court struck the answer of Joseph B. McFeely as executor on the ground that, being neither a proper nor necessary party, he had no standing to challenge her application for the appointment of a substituted administrator of the estate of Mary McFeely. At the hearing there was a discussion as to whether some interested person might adopt the answer filed by Joseph B. McFeely, but no one elected to do so.

The court then announced that it would proceed with the appointment of a substituted administrator and called for suggestions. Thereupon counsel for Anna Walsh (sister of the decedent Mary McFeely), who had entered an appearance in the matter in April, 1950, urged on the court that his client had the right to be appointed substituted administrator by reason of her relationship to the decedent. The court, however, called attention to the fact that the 40 days within

which Anna Walsh might have made such an application (*N. J. S.* 3*A* :6–45; *N. J. S.* 3*A* :6–4) had long since expired, and proceeded in the exercise of its discretion to appoint John G. Flanigan, a member of the New Jersey bar, as substituted administrator. This appeal is from the judgment of the trial court striking the answer of Joseph B. McFeely as executor and appointing John G. Flanigan substituted administrator.

 Clearly Joseph B. McFeely as the personal representative of Bernard N. McFeely, the deceased administrator of Mary McFeely, was neither a necessary nor a proper party to this action and had no right to be appointed substituted administrator in the place of the person whose estate he represents, nor to object to the appointment of any other person. He is not one of the persons entitled to letters of administration by *N. J. S.* 3*A* :6–4; he is not one of the persons required to be named in the complaint, *Rule* 3 :88–1(*c*) ; and he is not entitled to notice of any application for the appointment of an administrator under *Rule* 3 :88–2(*b*). The fact that a person may have an interest in an estate either individually or as a representative of another does not give him a right to letters of administration on such estate nor to notice of any application therefor. Whatever rights as executor of Bernard N. McFeely Joseph B. McFeely may have in the estate of Mary McFeely may be established in the proceedings in her estate that will follow the appointment of the substituted administrator. The trial court was therefore obviously correct in striking his answer.

 The answer of Joseph B. McFeely having been struck and no one having adopted his answer despite a suggestion from the court that such a course might be pursued, the trial court was entirely justified in proceeding on the verified complaint that had been filed by the plaintiff Alice McFeely Gregory seeking the appointment of a substituted administrator. The complaint states that there is a dispute concerning the rights of the plaintiff and of others who may share in the estate of Mary McFeely and a conflict of inter-

ests between persons entitled to share in her estate and the persons entitled to share in the estate of Bernard N. McFeely, and accordingly applied to the court for the appointment of a substituted administrator. Inasmuch as none of the next of kin who might have been entitled to apply for letters of administration had done so within the 40 days during which they are entitled to be preferred, *N. J. S.* 3*A* :6–4, the court was justified in granting substituted letters of administration to any fit person applying therefor. *N. J. S.* 3*A* :6–4 provides in part:

> "If such intestate leaves no relations justly entitled to the administration of his personal estate, or if his next of kin shall not claim the administration within 40 days after the death of such intestate, the superior court or surrogate's court may grant letters of administration to any fit person applying therfor."

By *N. J. S.* 3*A* :6–45 it is provided that the appointment of a substituted administrator shall be made "in the manner and upon the conditions prescribed for granting letters of administration to the first administrator in other cases." It is readily apparent that the application for letters of substitutionary administration could not be made by the next of kin entitled thereto within 40 days after the death of the intestate as provided in *N. J. S.* 3*A* :6–4. Obviously it was the intention that these two statutory provisions be read together and when this is done it appears that an application for appointment as substituted administrator by a next of kin in order to entitle the applicant to a preference must be made within 40 days after the death, removal or discharge of the last surviving or remaining executor or administrator. In a case such as this, moreover, where disputes and conflicts of interests are alleged under oath, it is peculiarly appropriate that the court should appoint a disinterested person as substituted administrator rather than one of the next of kin whose appointment would only lead to continued litigation and resultant loss to the estate.

It would appear that the appellants misconceive the nature and purpose of a proceeding for the appointment of a

substituted administrator. They would have the court decide now the substantive rights of the parties in the estate of the decedent, determine who does and who does not have an interest therein, and what their respective interests are. Clearly that is not the purpose of a proceeding for the appointment of a substituted administrator. The object of such a proceeding is to obtain a representative of the estate capable of safeguarding the interests of all who may be entitled to participate in it. A proceeding for the appointment of the substituted administrator is purely procedural and it does not attempt to adjudicate the rights of parties to share in the distribution of the estate.

The judgment below is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.