F. McQueen ROZELLE, a single man,
Appellant,

v.

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY, a
corporation,
and
First National Bank in Dallas, a national
banking association, Appellees.

No. 72-1129.

United States Court of Appeals,
Tenth Circuit.

Dec. 11, 1972.

Rehearing Denied Jan. 12, 1973.

Certiorari Denied April 2, 1973.
See 93 S.Ct. 1549.

F. McQueen Rozelle, pro se.

John Kinslow, Tulsa, Okl. (John Kinslow, Gable, Gotwals, Hays, Rubin & Fox, Tulsa, Okl. on brief), for Connecticut General Life Ins. Co., appellee.

Judson S. Woodruff, Oklahoma City, Okl. (Judson S. Woodruff, Peter B. Bradford, Oklahoma City, Okl., on brief), for First National Bank in Dallas, appellee.

Before JONES*, SETH and DOYLE, Circuit Judges.

PER CURIAM:

F. McQueen Rozelle, the appellant, borrowed money from Connecticut General Life Insurance Company, one of the appellees. To secure payment, Rozelle gave Connecticut General a mortgage on land in Oklahoma. The mortgage was expressly subject to the timber rights reserved in deeds of Rozelle's predecessors in title. Rozelle also borrowed from and gave notes and mortgages to the First National Bank in Dallas, also an appellee. Rozelle became delinquent in his payments to Connecticut General and it instituted an action in the United States District Court for the foreclosure of its mortgage, joining the Dallas bank as a defendant. Jurisdiction of the Federal court was based on diversity of citizenship. The Dallas bank filed a cross-claim against Rozelle seeking the foreclosure of its junior mortgage liens. Rozelle filed a third-party complaint against Joseph C. Herron and Quintus H. Herron, trustees of the Herron Trust, and others. The third-party defendants were the owners of the timber rights excepted from the Rozelle mortgage to Connecticut General. Rozelle claimed that the timber rights were being improperly exercised whereby he was prevented from obtaining funds by the development of the lands with which to meet his mortgage payments. There was other litigation between Rozelle and the Herron Trust. The district court dismissed the third-party complaint.

In the pre-trial order it was stated that the case would be tried to the court. Rozelle made a demand for a jury trial which the district court refused. After a trial the court made findings of fact and conclusions of law and entered a final decree in favor of Connecticut General and the Dallas bank. The property described in the mortgage to Connecticut General was sold under the order of the court subject, among other things, to the reserved timber rights. The property was purchased at the foreclosure sale by Connecticut General for an amount less than the amount owing to it. A money decree was entered in favor of the Dallas bank.

█ On appeal Rozelle contends that the district court erred in dismissing the third-party complaint against the trustees of the Herron Trust who held the timber rights, and in refusing to stay the foreclosure action until his pending suit against the Herron trustees had been decided. He asserts that because of the wrongdoing of the Herron trustees in cutting and removing timber, he was unable to develop the land and produce the funds with which to meet his mortgage payments to Connecticut General and the bank. The contention cannot prevail. The obligation of Rozelle to pay was not conditioned upon the actions of the Herron trustees. The litigation between Rozelle and the Herron trustees was pending during the time of the mortgage foreclosure. The Connecticut General mortgage was expressly subject to the timber rights of the Herron Trust. The mortgage foreclosure did not interfere with the rights of the Herron trustees under the timber reservation, nor preclude Rozelle from the recovery of any damage which he might have sustained if able to show wrongdoing in the exercise of the reserved timber rights. The controversy between Rozelle and the Herron trustees was not a basis for staying the mortgage foreclosure proceeding. The title acquired at the foreclosure sale was subject to the reserved timber rights.

█ The appellant strongly urges that error was committed in denying him a trial by jury. The district judge stated that the jury trial had been waived at the pre-trial conference. The

* of the Fifth Circuit, sitting by designation.

pre-trial order does not expressly recite such waiver although it does provide that the case would be tried by the court. The appellant urges that because the note is a contract and that the Oklahoma law provides for jury trials in contract cases, it was error to deny him the right to a jury trial. The Federal law governs. The foreclosure of mortgage liens is equitable in nature and such actions may be tried in the Federal courts without intervention of a jury. This is so whether or not a jury is waived. The entry of a money decree on behalf of the Dallas bank as a junior lien holder is an incident to the principal action of Connecticut General in the foreclosure of its first mortgage lien. The maxim "equity delights to do justice and that not by halves" is still a part of equity jurisprudence.

The other contentions of the appellant do not require discussion. They are without merit.

The judgment of the district court and the orders pursuant thereto are

Affirmed.