■ PHILLIP P. CILWICK et al., Appellants, v JOHN J. CAMELO et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered June 11, 1976 in Albany County, which denied plaintiffs' motion to strike defendants' demand for a jury trial. Plaintiffs' complaint states two causes of action. The first alleges a prescriptive easement over a portion of defendants' property and the second alleges a breach of a written agreement to share a common driveway. Clearly, the second cause of action is legal in nature. Therefore, even if the first action were to be considered equitable in nature, the joinder of an equitable action with a legal one cannot deprive the defendant of the right of a trial by jury (*City of Syracuse v Hogan,* 234 NY 457, 461; *Bradley v Aldrich,* 40 NY 504, 511). Next, an examination of

the complaint and the answer clearly indicates that the essential point to be determined at trial is whether plaintiffs, by open, notorious, hostile and continuous use, acquired a right to a portion of defendants' property. In essence, plaintiffs are asserting a claim to part of defendants' lands and neither the form of the action nor the prayer for relief can be permitted to divert attention from that central fact *(Leary v Geller,* 224 NY 56). Such claims to realty are to be tried by jury if brought pursuant to article 15 of the Real Property and Proceedings Law (CPLR 4101, subd 2) or in any other form, however characterized, if the triable issues are to resolve a claim to real property *(City of Syracuse v Hogan, supra).* Order affirmed, without costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.