■ Louis Heilbron, Inc., Respondent, v Norma S. Gross et al., Appellants. — In an action to foreclose a mechanic's lien, in which defendants have counterclaimed to recover damages for breach of contract, defendants appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), dated May 10, 1982, which denied their motion to dismiss the complaint and for a jury trial on their counterclaim. Order modified to the extent of granting the branch of defendants' motion which sought to have their counterclaim tried by a jury. As so modified, order affirmed, without costs or disbursements. Either party is granted leave to demand a jury trial on the issues raised in the complaint in accordance herewith. Such a demand may be served, at the latest, within 15 days after service upon the party of a copy of the order to be made hereon, with notice of entry. In this action to foreclose a mechanic's lien, defendants sought to dismiss the complaint on the ground that plaintiff's mechanic's lien had expired (see Lien Law, § 17; CPLR 6513). Although the mechanic's lien had expired due to plaintiff's failure to extend the notice of pendency or the mechanic's lien itself, and therefore plaintiff can no longer maintain a cause of action for foreclosure, the complaint is sufficiently broad to set forth a valid cause of action for breach of contract (see *Schenectady Contr. Co. v Schenectady Ry. Co.*, 106 App Div 336). Hence, Special Term properly denied the branch of defendants' motion which was to dismiss the complaint. However, Special Term erred in denying so much of the motion as sought to

have the counterclaim tried by a jury. There was no reason to doubt defendants' attorney's averment that he timely filed the jury demand. In any event, even if there had been a late filing, no prejudice to plaintiff's rights were claimed and it would appear that none would result (see CPLR 4102, subd [e]). Since plaintiff's claim is now one at law, either party is granted leave to demand a jury trial with respect thereto. Weinstein, J. P., Gulotta, Niehoff and Rubin, JJ., concur.