■ EDWIN C. STOKES, Appellant, v JOHN H. JOHNSTON et al., Respondents.—In an action, *inter alia,* to foreclose a mechanic's lien, the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Edelstein, J.), dated October 27, 1986, as denied his motion to strike the defendants' demand for a jury trial and denied him permission to inspect the premises. The appeal brings up for review so much of an order of the same court, dated November 20, 1986, as, upon reargument, adhered to the original determination (see, CPLR 5517).

Ordered that the appeal from the order dated October 27, 1986, is dismissed, as that order was superseded by the order dated November 20, 1986, made upon reargument; and it is further,

Ordered that the order dated November 20, 1986 is affirmed insofar as reviewed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff herein orally contracted with the defendants to make improvements to their home. When a dispute arose between the parties, work ceased and the plaintiff filed a mechanic's lien against the property, claiming that $24,085 was still due and owing. Thereafter the plaintiff sued seeking foreclosure or, in the event the lien was declared invalid, for a money judgment. The plaintiff contends that his action is equitable in nature and that the defendants, by asserting legal

counterclaims in their answer, have waived their right to a jury trial on those counterclaims pursuant to Lien Law § 45. We disagree. Regardless of the plaintiff's characterization of the action, our evaluation of the pleadings convinces us that the action is in essence one for breach of contract and the defendants are therefore entitled to a jury trial on their legal counterclaims *(see, Cowper Co. v Buffalo Hotel Dev. Venture,* 99 AD2d 19, 21-23).

We find no abuse of discretion in the court's denial of the plaintiff's request to personally inspect the premises along with his expert. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.