OPINION OF THE COURT
John A. Milano, J.
This is a motion brought on by the defendant for an order enlarging the defendant’s time to file and serve a demand for a jury trial. The motion arises out of a personal injury action commenced by Brenda Majors, hereinafter plaintiff, against Lefrak City, sued herein as Lefrak City and London Leasing, hereafter defendant.
*69 In this action, after the completion of discovery, plaintiff served defendant with a note of issue for a bench trial, dated February 4, 1993. A week after receiving said note of issue on or about February 11, 1993 defendant attempted to file a jury demand with the clerk of the court. Said jury demand was rejected by the clerk on the grounds that the clerk could not locate any note of issue having been filed. Subsequent to the rejection of its jury demand defendant learned that the note of issue was filed with the court bearing a date of entry of March 1, 1993.
Defendant moves herein by notice of motion dated May 3, 1993 for leave to file a late jury demand. This court is well aware of CPLR 4102 (a) which requires that a jury demand must be filed within 15 days after service of a note of issue which does not contain a jury demand. The note of issue having been served February 4, 1993 and adding five additional days for mailing pursuant to CPLR 2103 (b) the filing of the jury demand should have been accomplished by February 24, 1993.
Defendant attempted to file the demand on February 11, 1993, well within the time period. CPLR 4102 (a) also provides that a jury "demand shall not be accepted for filing unless a note of issue is filed in the action.” As the clerk could not locate any note of issue the demand was rejected.
Our court system today is overburdened by volume, and devastated by inadequate staffing due to budget cuts. The unfortunate reality is that the court clerks simply cannot keep up with filing demands. It is not unusual for something filed to take a month to be entered. In light of these filing delays, it is entirely likely that a diligent attorney will be precluded from complying with timely filing requirements. In this particular situation the note of issue was not entered until March 1, 1993, a date beyond the required filing period for the jury demand.
Although the motion papers do not indicate when defendant became aware of the filing and entry of the note of issue, this court can safely assume that this motion was made within 60 days of that date. Plaintiff cannot claim surprise in that plaintiff was served with the jury demand by defendant within a week of plaintiff’s service of the note of issue.
CPLR 4102 (e) provides that "[t]he court may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result.” *70 Numerous court decisions have relied upon this provision to permit a party to serve and file a late jury demand. (See, Louis Heilbron, Inc. v Gross, 91 AD2d 603 [2d Dept 1982]; Calspan Corp. v Fingermatrix, Inc., 84 AD2d 826 [2d Dept 1981].) In addition to a lack of prejudice, the courts have also looked to whether the moving party intended to waive its right to a jury. "A motion for an extension of time to file a demand for a jury trial must be based upon a factual showing that the earlier waiver of that right was the result of either inadvertence or other excusable conduct indicating a lack of intention to waive such right.” (Green v Siben, 104 AD2d 923 [2d Dept 1984].)
It would appear that this is a case of first impression. In all of the reported decisions reviewed by this court, the moving parties apparently did not serve and file their jury demand within the required period. In the case before this court defendant did in fact timely serve the demand on its adversary and did in fact attempt to file the demand with the clerk within the required period. The clerk rejected this filing due to the fact that the clerk could not find a record of filing of the note of issue due to the clerk’s backlog in filing notes of issue. This may be the first decision concerning a party who did not timely file a jury demand, not by his omission, but rather, was prevented from complying because of the limitations of the court system.
Clearly it cannot be claimed defendant intended to waive its right to a jury as defendant attempted to comply with the statute but was precluded from compliance due to circumstances beyond her control.
Counsel for defendant contends that she "followed up” by consulting with the clerk after the rejection. Upon learning of the eventual filing of the note of issue defendant promptly made this motion. Prompt application for permission to file a late jury demand is a consideration of the court in determining such application. The Appellate Division, Second Department, in Lane v Marshall (89 AD2d 579 [1982]) and the Appellate Division, Fourth Department, in Leone v Greek Peak (81 AD2d 751 [1981]), both cited prompt application as well as lack of prejudice and an intention not to waive a right to a jury in reversing lower court decisions denying a late filing.
In opposing defendant’s application plaintiff cites two cases, Zelvin v Pagliocca (32 AD2d 561 [2d Dept 1969]) and Keller v Keller (66 AD2d 960 [3d Dept 1978]). Both cases are easily *71 distinguishable from the case at bar. In both Zelvin and Keller, the Appellate Division denied the late filing based on the failure of movant to allege the timely failure to demand a jury was inadvertent and that there was no intention to waive the right to a jury trial. This is clearly not the situation in the case before this court.
Plaintiff also alleges prejudice in that a jury trial would take longer to be reached for trial. While this court concedes that reaching a jury trial takes longer than a bench trial this fact in and of itself does not amount to prejudice. Both the State and Federal Constitutions guarantee a right to a jury trial. Absent any other claims of prejudice this court must reject plaintiffs contention.
Accordingly, in this situation, where defendant was prevented from timely filing a jury demand, due exclusively to the court clerk’s filing backlog, defendant’s motion is granted and defendant is granted leave to file a late notice of claim.