16 F.3d 413
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Emory L. LARISCY; Frances B. Lariscy, Defendants-Appellants.
 No. 93-2002.
 United States Court of Appeals, Fourth Circuit.
 Nov. 15, 1993.
Jan. 11, 1994.
 
 Appeal from the United States District Court for Western District of Virginia, at Danville. Jackson L. Kiser, Chief District Judge. (Ca-93-1-D)
 Emory L. Lariscy, Frances B. Lariscy, Appellants Pro Se.
 John Francis Corcoran, Office of the U.S. Atty., Roanoke, Virginia, for Appellee.
 W.D.Va.
 Affirmed.
 Before MURNAGHAN, WILKINS, and NIEMEYER, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Emory L. Lariscy and Frances B. Lariscy appeal from the district court's order awarding judgment to the United States Farmers Home Administration (FmHA) on its action for ejectment and from its order denying their motion for rehearing. The Lariscys obtained a loan from the FmHA in 1985 in the amount of $76,000. Part of the proceeds ($21,000) was used to purchase the property where the Lariscys were living; the remainder was to be used to build a commercial trout fishing and recreation area. Although some construction was begun, the project was never completed and the Lariscys eventually defaulted on the loan. The FmHA instituted foreclosure proceedings in 1989 and, in May 1990, the FmHA purchased the property at issue at the foreclosure sale.
 
 
 2
 Despite the fact that FmHA foreclosed on the property over three years ago, the Lariscys continue to occupy the premises. This appeal concerns the FmHA's attempt to eject the Lariscys from the land.
 
 
 3
 The district court conducted a hearing in July 1993 to determine if the foreclosure was proper and whether the Government unjustly withheld further financing for the Lariscys' farming project. From the district court's orders awarding judgment to the FmHA and denying the Lariscys' motion for a rehearing, the Lariscys appealed. They have also filed a motion for stay of the district court's order.
 
 
 4
 The Lariscys do not dispute the amount of the loan; that they failed to make the required payments; or that proper procedures were followed by FmHA in carrying out the foreclosure. Nor do they claim to have taken any steps to cure the default. Their only challenge to the validity of the loan is that, under FmHA guidelines, it should never have been made to them in the first place. Specifically, the Lariscys claim that their loan was in reality a Recreation Loan, not a Farmer Program Loan. Even if this were the case, it does not absolve them of their responsibilities under the mortgage. In addition, the Lariscys contend that they were unconstitutionally denied a trial by jury. As the district court noted, mortgage foreclosure issues are equitable in nature and do not afford the right to a jury trial. Rozelle v. Connecticut Gen. Life Ins. Co., 471 F.2d 29, 31 (10th Cir.1972), cert. denied, 411 U.S. 921 (1973). (Vol. 1, R. 7). In any event, denial of a jury trial constitutes harmless error where, as here, the moving party does not present any evidence or raise any factual dispute to be decided by a jury. See United States v. McMullin, 948 F.2d 1188, 1191-92 (10th Cir.1991).
 
 
 5
 The Lariscys also challenge the district court's ruling on a number of constitutional grounds, all of which lack merit. Therefore, we affirm the district court's order awarding judgment to the FmHA and also its order denying the Lariscys' motion for a rehearing.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 In light of this disposition, the Lariscys' motion for stay pending appeal or for injunctive relief is denied