■ R.C.P.S. ASSOCIATES, Respondent, v KARAM DEVELOPERS, Appellant, and STILLMAN DEVELOPMENT CORP., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. JOSEPH BERARDI, Third-Party Defendant-Appellant, et al., Third-Party Defendants. [624 NYS2d 228] —In an action to foreclose a mortgage, the defendant Karam Developers and the third-party defendant Joseph Berardi appeal from so much of an order of the Supreme Court, Westchester County (Colabella, J.), dated June 23, 1993, as granted the separate motions of the defendant Stillman Development Corp. and the plaintiff R.C.P.S. Associates to strike their demand for a jury trial.

Ordered that the order is modified, on the law, by deleting the provisions thereof which granted the branches of the motions of Stillman Development Corp. and R.C.P.S. Associates which were to strike the appellants' demand for a jury trial with respect to (1) the first, second, fourth, and sixth affirmative defenses and the seventh affirmative defense and counterclaim contained in the appellants' answer to the

claims of Stillman Development Corp. and (2) the second, third, fourth, fifth, sixth, eighth, and ninth affirmative defenses and all of the cross claims contained in the appellants' answer to the cross claims of Leslie Peter Chontos and substituting therefor provisions (1) denying those branches of the motions and (2) reinstating and granting the demand for a jury trial with respect to the aforementioned affirmative defenses, counterclaim, and cross claims; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellants, payable by Stillman Development Corp.

The appellant Karam Developers (hereinafter Karam) owned two parcels of adjoining land in the Town of Cortlandt. It entered into contracts to sell one parcel to Leslie Peter Chontos and the second parcel to Stillman Development Corp. (hereinafter Stillman). Karam's principal, Joseph Berardi, guaranteed the return of Stillman's down payment in the event that Stillman became entitled to it in accordance with the terms of the contract of sale. Thereafter, allegedly in violation of the contracts of sale, Karam mortgaged the property for $600,000 and again for $100,000. The mortgagee on both occasions was the plaintiff R.C.P.S. Associates.

In its second amended complaint against, *inter alia*, Karam, the plaintiff sought to foreclose the second of these mortgages and joined, among others, Stillman and Chontos as necessary parties. In its answer, Karam asserted that the $100,000 mortgage was for interest on the $600,000 mortgage; therefore, both mortgages should be canceled as usurious.

In their answers, Stillman and Chontos both claimed equitable ownership of and vendees' liens on the mortgaged premises. Stillman also asserted cross claims against Karam and third-party claims against Berardi to recover damages for fraud and breach of contract. In their answer to Stillman's claims, Karam and Berardi asserted, *inter alia*, that Stillman had breached the contract of sale between it and Karam, and they demanded damages for breach of contract and fraud. Karam and Berardi also asserted cross claims against Chontos alleging that he had breached the contract of sale between him and Karam, and they demanded damages for breach of contract and fraud.

Karam and Berardi demanded a jury trial, but their demand was stricken upon the motions of Stillman and the plaintiff.

Karam is not entitled to a jury trial of its counterclaim and defenses to the plaintiff's complaint for foreclosure of the

$100,000 mortgage. As this Court noted in *April M's Enters. v Scott* (178 AD2d 572, 573): "A party is not entitled to a jury trial as a matter of right in an action to foreclose a mortgage, even if the complaint includes a request for money or a deficiency judgment *(see, Jamaica Sav. Bank v M.S. Investing Co.,* 274 NY 215), as such relief is considered incidental to mortgage foreclosure *(see, Jamaica Sav. Bank v M.S. Investing Co., supra;* 7A Carmody-Wait 2d, NY Prac § 49.32). The defendant's assertion of the defenses of fraud and usury does not entitle her to a jury trial *(see,* 7A Carmody-Wait 2d, NY Prac § 49.32)."

The gravamen of the dispute between Stillman and Chontos, on the one hand, and Karam and Berardi, on the other hand, sounds in breach of contract and fraud, and those parties seek to recover damages against each other. Stillman and Chontos asserted equitable vendees' liens in response to the mortgage foreclosure action in order to secure the priority of their claims over the mortgage lien. However, a party cannot deprive an adversary of the constitutional right to a jury trial on legal claims simply by joining a cause of action for foreclosure of a lien *(see, Cowper Co. v Buffalo Hotel Dev. Venture,* 99 AD2d 19; *see also, Azoulay v Cassin,* 103 AD2d 836). Furthermore, CPLR 4102 (c) specifically states that a party does not waive the right to a trial by jury "of the issues of fact arising upon a counterclaim, cross-claim or third party claim, by asserting it in an action in which there is no right to trial by jury." Since the claims between Stillman and Chontos, on the one hand, and Karam and Berardi, on the other hand, are essentially legal in nature, Karam and Berardi are entitled to a jury trial of their counterclaim against Stillman, their cross claims against Stillman and Chontos, and their legal affirmative defenses *(see, Stokes v Johnston,* 138 AD2d 481; *Chemical Bank v 1364 Dean St. Corp.,* 53 AD2d 882; *see also, Heilbron v Gross,* 91 AD2d 603). Thompson, J. P., Lawrence, Hart and Goldstein, JJ., concur.