The **MONEY STORE/DELAWARE, INC., Plaintiff,**

v.

**James M. KAMARA, Rebecca M. Kamara, Defendants.**

**No. 95L–05–008 HDR.**

Superior Court of Delaware, Kent County.

Submitted: June 9, 1997.
Decided: July 10, 1997.

Stephen P. Doughty, of Lyons & Doughty, Wilmington, for Plaintiff.

James M. Kamara and Rebecca M. Kamara, pro se.

## OPINION

RIDGELY, President Judge.

The narrow but important issue before the Court is whether there is a right to a trial by jury in a mortgage foreclosure proceeding. The Money Store/Delaware, Inc. ("The Money Store") brought a *scire facias sur mortgage* action against James and Rebecca Kamara ("Kamaras"), seeking foreclosure on a mortgage and judgment on a balloon note. The balloon note was secured by a mortgage on the Kamaras' property. Default in mak-

ing the final balloon payment was subsequently admitted and partial summary judgment on the issue of liability was granted. Because a dispute existed as to the amount due, an inquisition hearing was scheduled on that issue.[1]

Defendants have contended that they are entitled to have a jury hear the inquisition. This application was denied in open court and this opinion sets forth the Court's rationale for doing so.

Article I, § 4 of the Delaware Constitution provides that "trial by jury shall be as heretofore." This provision has been interpreted to guarantee a right of trial by jury as it existed at common law.[2] However, there is no constitutional right to a trial by jury in actions that are historically equitable in nature.[3] The Delaware Supreme Court "has consistently recognized that a mortgagee may elect to have a mortgage, which has been executed with the requisite legal formalities, foreclosed either at law by a writ of *scire facias sur mortgage* in Superior Court,

pursuant to 10 *Del.C.* § 5061, or by a bill in equity filed in the Court of Chancery, pursuant to 10 *Del.C.* § 371."[4] Notwithstanding the jurisdiction vested in this Court by statute, mortgage foreclosure proceedings trace their roots to the power of the High Court of Chancery of Great Britain which had the power to foreclose a mortgage by a bill in equity.[5] Given the equitable nature of this action, there is no constitutional right to a trial by jury in this mortgage foreclosure proceeding.[6] This holding is consistent with the general rule elsewhere that mortgage foreclosure proceedings are equitable in nature and there is no right to trial by jury in such an action.[7]

For these reasons, defendants' demand for a jury trial in this *scire facias sur mortgage* action is *denied.*

**IT IS SO ORDERED.**

1. Superior Court Civil Rule 56(d).

2. *Claudio v. State*, Del.Supr., 585 A.2d 1278, 1296 (1991).

3. *Moore v. Graybeal*, Del.Supr., 550 A.2d 35 (table), No. 340, 1988, Walsh, J. (Oct. 28, 1988), Order at 3; *Park Oil, Inc. v. Getty Refining and Marketing Co.*, Del.Supr., 407 A.2d 533, 534 (1979).

4. *Handler Constr. v. CoreStates Bank, N.A.*, Del. Supr., 633 A.2d 356, 362 (1993).

5. *Monroe Park v. Metropolitan Life Ins. Co.*, Del. Supr., 457 A.2d 734, 735 n. 3 (1983).

6. While the Court has discretion in an action not triable of right by jury to summon an "advisory jury" as an "aid to the court in discharging its functions," I find no justification for doing so here simply on defendants' demand. Superior Court Civil Rule 39(c). *See* Wright & Miller *Federal Practice and Procedure:* Civil 2d § 2335.

7. *United States v. Lariscy*, 4th Cir., 16 F.3d 413 (table), 1994 WL 8212; *Rozelle v. Connecticut Gen. Life Ins. Co.*, 10th Cir., 471 F.2d 29 (1972), *cert. denied*, 411 U.S. 921, 93 S.Ct. 1549, 36 L.Ed.2d 314 (1973); *Gefen v. United States*, 5th Cir., 400 F.2d 476 (1968), *cert. denied*, 393 U.S. 1119, 89 S.Ct. 990, 22 L.Ed.2d 123 (1969); *Vieser v. Harvey Estes Constr. Co.*, W.D.Okla., 69 F.R.D. 370 (1975); *Carpenter v. First Nat'l Bank of Birmingham*, Ala.Supr., 236 Ala. 213, 181 So.

239 (1938); *Colclasure v. Kansas City Life Ins. Co.*, Ark.Supr., 290 Ark. 585, 720 S.W.2d 916 (1986), *cert. denied*, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987); *Atlantic St. Assocs. v. Atlantic–Rockland Stamford Assocs.*, 43 Conn. App. 113, 682 A.2d 572 (1996); *Johnson v. Fairfax Village Condominium IV Unit Owners Ass'n*, D.C.Ct.App., 641 A.2d 495 (1994); *Norris v. Paps*, Fla.Dist.Ct.App., 615 So.2d 735 (1993); *Federal Land Bank of Spokane v. Parsons*, App., 116 Idaho 545, 777 P.2d 1218 (1989); *Martin v. Strubel*, 367 Ill. 21, 10 N.E.2d 325 (1937); *Berkemeier v. Rushville Nat'l Bank*, Ind.Ct.App., 459 N.E.2d 1194 (1984); *McMurray v. Crawford*, 3 Kan. App.2d 329, 594 P.2d 1109 (1979); *Kennebec Fed. Sav. & Loan Ass'n v. Kueter*, Me.Supr., 695 A.2d 1201; *Superior Products Co. v. Merucci Bros. Inc.*, 107 Mich.App. 153, 309 N.W.2d 188 (1981); *State Sec. Co. v. Corkle*, 191 Neb. 578, 216 N.W.2d 879 (1974); *Scott v. Stewart*, 2 N.J. 508, 67 A.2d 171 (1949); *R.C.P.S. v. Karam Developers*, 213 A.D.2d 612, 624 N.Y.S.2d 228 (1995); *Union State Bank v. Miller*, N.D.Supr., 335 N.W.2d 807 (1983), *cert. denied*, 464 U.S. 1019, 104 S.Ct. 554, 78 L.Ed.2d 727 (1983); *Fleet Real Estate Funding Corp. v. Frampton*, Okla.Ct.App., 812 P.2d 416 (1991); *Collier v. Green*, S.C.Supr., 137 S.E.2d 277 (1964); *First Western Bank, Sturgis v. Livestock Yards Co.*, S.D.Supr., 466 N.W.2d 853 (1991); *State Bank of Lehi v. Woolsey*, Utah Supr., 565 P.2d 413 (1977); *Merchants Bank v. Thibodeau*, 143 Vt. 132, 465 A.2d 258 (1983); Annotation, *Right to Jury Trial of Issues as to Personal Judgment for Deficiency in Suit to Foreclose Mortgage*, 112 A.L.R. 1492.