■ EASTERN SAVINGS BANK, FSB, Respondent, v SARA M. STERN et al., Defendants, and ISRAEL DRILLICK, Appellant. [770 NYS2d 641]—

In an action to foreclose a mortgage, the defendant Israel Drillick appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated June 6, 2003, as, upon reargument, adhered to its original determination in an order dated March 13, 2003, denying that branch of his prior motion which was to vacate the plaintiff's jury demand.

Ordered that the order is affirmed insofar as appealed from, with costs.

After the plaintiff commenced the instant mortgage foreclosure action, the defendant Israel Drillick asserted in his amended answer, inter alia, that the subject mortgage was void as against his earlier recorded deed for the purchase of a portion of the subject property pursuant to Real Property Law § 291. Drillick then moved, inter alia, to vacate the plaintiff's jury demand. The Supreme Court denied that branch of Drillick's motion which was to vacate the plaintiff's jury demand, finding that the plaintiff was entitled to a jury trial with respect to Drillick's statutory defense. Drillick then moved for leave to reargue the denial of that branch of the motion which was to vacate the plaintiff's jury demand. The Supreme Court granted

reargument, and upon reargument, adhered to its original determination.

Contrary to Drillick's contention, the plaintiff was entitled to a jury trial since the dispute between Drillick and the plaintiff involved competing claims to real property (*see Cilwick v Camelo,* 55 AD2d 782 [1976]) and Drillick's affirmative defense asserting Real Property Law § 291 was not incidental to the mortgage foreclosure (*cf. R.C.P.S. Assoc. v Karam Devs.,* 213 AD2d 612 [1995]; *April M's Enters. v Scott,* 178 AD2d 572 [1991]). Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.