■ DEBRA C. PACIELLO, Appellant, v LOUIS A. GRAFFEO et al., Respondents. [779 NYS2d 526]—

In an action, inter alia, to set aside a deed on the ground of forgery, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Knipel, J.), entered August 18, 2003, which, upon the striking of her demand for a jury trial, and after a nonjury trial, dismissed the complaint.

Ordered that the judgment is reversed, on the law, the complaint and the plaintiff's demand for a jury trial are reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial, with costs to abide the event.

The plaintiff commenced this action, inter alia, to set aside a deed dated August 1, 1978. The deed purported to convey certain property from the plaintiff as sole owner to the plaintiff and her brother, the defendant Louis Anthony Graffeo, as joint owners. The plaintiff claimed that she alone owned the property, having acquired it from her grandmother by a deed dated July 9, 1976. The plaintiff alleged that while the 1978 deed was apparently regular and valid on its face, it was, in fact, forged and fraudulent, and constituted a cloud on her title to the premises. The complaint set forth two causes of action, the first denominated by the plaintiff to be for rescission of the 1978 deed and the second sounding in fraud. At the beginning of trial, the Supreme Court struck the plaintiff's demand for a jury trial and dismissed the jury on the ground that the plaintiff waived her right to a jury trial by joining an equitable claim for rescission with a legal claim to recover damages for fraud. The complaint was dismissed after a nonjury trial.

We agree with the plaintiff that she did not waive her right to a jury trial by joining legal and equitable claims. A jury trial is guaranteed in an action "for determination of a claim to real property under article fifteen of the real property actions and proceedings law" (CPLR 4101 [2]). The plaintiff was entitled to a jury trial since her first cause of action sought to resolve competing claims to real property, regardless of how she characterized it (*see City of Syracuse v Hogan*, 234 NY 457, 461

[1923]; *Eastern Sav. Bank v Stern*, 3 AD3d 548 [2004]; *Cilwick v Camelo*, 55 AD2d 782 [1976]). Accordingly, the Supreme Court should not have dismissed the jury.

In light of the foregoing, the plaintiff's remaining contentions are academic. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.